FRANKENMUTH MUTUAL INSURANCE COMPANY v LATHAM

Docket No. 46363. Submitted November 17, 1980, at Detroit.—Decided January 21, 1981.

Frankenmuth Mutual Insurance Company brought an action seeking a declaration of rights relative to a policy of insurance issued by it to Bennie Latham. Made defendants to that action were: Latham, Frankenmuth's insured; Jawine McCullan, a minor pedestrian injured by the automobile owned and used by Latham; Delores Ferguson, next friend of Jawine McCullan; and, by an amended complaint, Allstate Insurance Company, assignee of McCullan's claim for personal protection insurance benefits. McCullan and Ferguson filed a counterclaim against Frankenmuth Mutual and a third-party complaint against Allstate. The Oakland Circuit Court, Frederick C. Ziem, J., held that the policy issued by plaintiff was in full force and effect despite certain misrepresentations made by Latham at the time he applied for the insurance. Plaintiff appeals. *Held:*

Upon the occurrence of the accident resulting in the injuries, the liability of the plaintiff on the policy of insurance issued by it became absolute with respect to that accident notwithstanding the misrepresentations of its insured on his application for insurance. The trial court properly refused to declare the insurance policy to be void *ab initio* and properly declared the policy to be in full force and effect.

Affirmed.

Insurance — Automobiles — Liability for Coverage — Absolute Liability.

An automobile insurance policy will not be declared to be void *ab initio* on the basis of misrepresentations made by the insured at the time of securing the policy where the insurance company seeks to have the policy declared void after an accident giving rise to a claim under the policy has occurred, since the liability of the insurer with respect to the insurance becomes absolute whenever injury or damage covered by the policy occurs.

References for Points in Headnote
[1] 7 Am Jur 2d (Rev), Automobile Insurance § 45 *et seq.*
    43 Am Jur 2d, Insurance § 448.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Robert F. Wardle* and *Mary Ann Zito*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker* (by *Mark W. Thiron*) and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), for defendant Allstate Insurance Company.

Before: N. J. Kaufman, P.J., and R. B. Burns and J. W. Warren,* JJ.

R. B. Burns, J. Plaintiff, Frankenmuth Mutual Insurance Company (hereinafter Frankenmuth), brought this action for a declaration of rights under an automobile insurance policy issued by it through the Michigan Basic Automobile Insurance Placement Facility to defendant Bennie Latham. Approximately two and a half months after the issuance of the policy, an automobile owned and operated by Latham struck and injured a pedestrian, Jawine McCullan, a minor. Through her next friend, Delores Ferguson, McCullan brought an action in tort against Latham. Frankenmuth subsequently brought this action against Latham, McCullan and Ferguson. McCullan and Ferguson filed a counterclaim against Frankenmuth and a third-party complaint against Allstate Insurance Company (hereinafter Allstate), which had been assigned McCullan's claim for personal protection insurance benefits pursuant to the assigned claims plan authorized by MCL 500.3171 *et seq.;* MSA 24.13171 *et seq.* Upon a stipulation of facts submitted by the parties, the trial court held that the policy issued by plaintiff Frankenmuth was in full force and effect. Plaintiff appeals.

When Latham applied for the insurance policy,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he represented to plaintiff that he had a valid Ohio driver's license, although he had a Michigan address and was employed in Michigan. In applying for his Ohio license, Latham had represented that he was not under any suspension or revocation of driving privileges in Ohio or in any other state. Frankenmuth did not check Latham's driving record in Ohio or Michigan. After Latham was involved in the automobile accident which underlies this action, Frankenmuth checked Latham's driving record in Michigan and discovered numerous suspensions, revocations and driving infractions which would have been material to Frankenmuth's determination to issue insurance coverage. On September 7, 1977, Frankenmuth filed its complaint in the instant action, seeking to have the court declare that plaintiff's policy with Latham was void *ab initio.* We find that the trial court correctly held that the policy was in full force and effect.

*State Farm Mutual Automobile Ins Co v Kurylowicz,* 67 Mich App 568, 574; 242 NW2d 530 (1976), holds that:

" 'The liability of the insurer with respect to insurance required by the act becomes absolute whenever injury or damage covered by such policy occurs * * * no statement made by the insured or on his behalf and no violation of the policy provisions may be used to defeat or avoid the policy.' " See also *Detroit Automobile Inter-Insurance Exchange v Ayvazian,* 62 Mich App 94, 100; 233 NW2d 200 (1975).

Affirmed. Costs to defendant Allstate.