UNITED SECURITY INSURANCE COMPANY v COMMISSIONER
OF INSURANCE

Docket No. 67996. Submitted July 1, 1983, at Grand Rapids.—Decided
March 20, 1984.

Lee Scott filled out a no-fault automobile insurance application
with United Security Insurance Company, paid the agent a
deposit, arranged for payment of the six-month policy pre-
mium, and received a binder of insurance. In response to the
agent's questions, Scott stated that he had had no moving
violations during the previous three years and that he had not
had his driver's license revoked in the previous three years.
Both statements were false. Within an hour after leaving the
agent's office, Scott was involved in an automobile accident.
When Scott filed a claim for personal protection benefits,
United Security refused to pay and attempted to rescind the
binder *ab initio* on the ground that Scott had intentionally
misrepresented material facts on his application. Scott filed a
complaint with the Insurance Bureau. Following a hearing, the
Commissioner of Insurance held that rescission was not permit-
ted under the circumstances and ordered United to process
Scott's claim. United filed a petition for review of the commis-
sioner's decision in Kent Circuit Court. Following a hearing,

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 10, 36, 37, 71-73.
   43 Am Jur 2d, Insurance §§ 380, 1012.
   Temporary Automobile Insurance. 12 ALR3d 1304.
   Rescission or avoidance, for fraud or misrepresentation, of compul-
      sory, financial responsibility or assigned risk automobile insur-
      ance. 83 ALR2d 1104.
   Cancellation of compulsory or financial responsibility automobile
      insurance. 34 ALR2d 1297.
[2] 7 Am Jur 2d, Automobile Insurance §§ 10, 36, 37
   13 Am Jur 2d, Cancellation of Instruments § 1.
   43 Am Jur 2d, Insurance §§ 380, 1012.
[3] 7 Am Jur 2d, Automobile Insurance §§ 10, 36, 37, 71-73.
   43 Am Jur 2d, Insurance § 1012.
[4] 7 Am Jur 2d, Automobile Insurance § 51.
   43 Am Jur 2d, Insurance § 1638.
[5] 7 Am Jur 2d, Automobile Insurance § 51.

the court, George R. Cook, J., reversed the commissioner's decision. The commissioner appeals. *Held:*

1. An insurance company may rescind a policy *ab initio* for an intentional misrepresentation of a material fact on the application. The commissioner's reliance on a statute controlling cancellation of automobile insurance policies is misplaced. That statute does not affect the remedy of rescission since rescission is a remedy distinct from cancellation.

2. There is no reason in law or policy for the burden of risk of intentional material misrepresentations by an insured to be placed on the insurer rather than on the insured who made the intentional material misrepresentations.

3. The Court of Appeals need not decide whether an insurer has a duty to investigate the insurability of an applicant before issuing a binder because under no circumstances does an insurer owe a duty to an insured to discover the latter's intentional material misrepresentations.

Affirmed.

1. INSURANCE — RESCISSION — CANCELLATION.

A statute restricting an insurer's power to cancel a policy of insurance does not affect the remedy of rescission; an insurer may rescind a policy *ab initio* for an intentional misrepresentation of a material fact on the application (MCL 500.3201 *et seq.;* MSA 24.13201 *et seq.).*

2. INSURANCE — REMEDIES — RESCISSION — CANCELLATION.

Rescission and cancellation are two distinct forms of remedy applicable to insurance; when a policy is cancelled it is terminated as of the cancellation date and is effective up to such date, but when a policy is rescinded, it is considered void *ab initio* and is considered never to have existed.

3. INSURANCE — LIABILITY OF INSURER — MATERIAL MISREPRESENTATIONS.

The rule that the liability of an insurer becomes absolute whenever injury covered by a policy issued by the insurer occurs and that no statement made by or on behalf of the insured or violation of the policy may be used to avoid liability under such circumstances does not apply where the person making the claim is the insured who made the intentional material misrepresentation.

4. INSURANCE — INSURABILITY — DUTY TO INVESTIGATE.

The duty of an insurer to make a reasonable investigation of insurability within a reasonable period of time after acceptance

of an application and issuance of a policy is owed primarily to the class of potential victims of the insured; the insurer retains its remedies against the insured for the latter's misrepresentation.

5. INSURANCE — MATERIAL MISREPRESENTATIONS — DUTY OF DISCOVERY.

   Under no circumstances does an insurer owe a duty to an insured to discover the latter's intentional material misrepresentations on the application for insurance.

*Linsey, Strain & Worsfold, P.C.,* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Fernando C. Gomez,* Assistants Attorney General, for respondent.

Before: D. F. WALSH, P.J., and R. M. MAHER and T. ROUMELL,* JJ.

T. ROUMELL, J. An agent of the United Security Insurance Company issued a no-fault automobile insurance binder to Lee Scott. Within an hour, Scott was injured in an automobile accident. When Scott filed a claim for personal protection benefits, the insurance company refused to pay and attempted to rescind the binder *ab initio* on the ground that Scott had intentionally misrepresented material facts on his application. The Commissioner of Insurance held that rescission was not permitted under the circumstances presented and ordered the insurance company to process Scott's claim. The insurance company obtained review of the commissioner's decision in circuit court pursuant to MCL 500.244; MSA 24.1244, and the circuit court reversed the commissioner's decision. The commissioner appeals as of right.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

I

In *Keys v Pace,* 358 Mich 74; 99 NW2d 547 (1959), the Court recognized that an insurance company may rescind a policy *ab initio* for an intentional misrepresentation of a material fact on the application. The commissioner relies on the subsequent enactment of a statute controlling cancellation of automobile insurance polices, MCL 500.3204 *et seq.;* MSA 24.13204 *et seq.,* enacted by 1966 PA 342. The commissioner points to the maxim of statutory construction that the express mention of one thing implies the exclusion of other similar things *(expressio unius est exclusio alterius)* and argues that the Legislature's enactment of a comprehensive statute controlling cancellation of automobile insurance policies and not expressly mentioning rescission implies an intent to preclude rescission *ab initio.*

Support for the commissioner's position may be found in dicta in *State Farm Mutual Automobile Ins Co v Kurylowicz,* 67 Mich App 568, 577-578; 242 NW2d 530 (1976):

"State Farm argues that the statutes cited by the trial judge and by the defendants are inapplicable since they relate to cancellations and not rescission *ab initio.* Such a construction would require that we hold, in effect, that although an insurer may not cancel a policy of automobile liability insurance based on fraud subsequent to the payment of a claim under the policy, it may nevertheless treat the policy as void *ab initio* and avoid liability on the policy altogether. We do not think that the Legislature intended such an absurd consequence."

See, however, *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 80; 212 NW2d 821 (1973):

"This statute, restricting an insurer's power to cancel a policy of insurance, does not limit the court's power to declare a policy inoperative because of fraud or forgery."

Rescission is a remedy distinct from cancellation. See 8B Appleman, Insurance Law and Practice, § 5011, p 403:

"When a policy is cancelled, it is terminated as of the cancellation date and is effective up to such date; however, when a policy is rescinded, it is considered void ab initio and is considered never to have existed." (Footnote omitted.)

The maxim of statutory construction on which the commissioner relies is merely one of various methods for inferring the intent of the Legislature. See *Williams v Mayor of Detroit,* 2 Mich 560, 563 (1853), and *Mosley v Federal Dep't Stores, Inc,* 85 Mich App 333, 337; 271 NW2d 224 (1978). The maxim may be applied to infer the intent of the Legislature concerning things similar to those expressly mentioned in the statute. See *Sebewaing Industries, Inc v Village of Sebewaing,* 337 Mich 530, 545; 60 NW2d 444 (1953), and *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971). Rescission is insufficiently similar to cancellation to support the conclusion that the Legislature's enactment of a statute controlling cancellation of an automobile insurance policy without mentioning rescission demonstrates the Legislature's intent to preclude rescission. We therefore elect to follow *State Farm Mutual Automobile Ins Co v Allen, supra,* and hold that MCL 500.3201 *et seq.;* MSA 24.13201 *et seq.,* does not affect the remedy of rescission.

## II

We emphasize that the person making the claim under the insurance policy here is the insured who made the intentional material misrepresentations; this is not a case in which the claimants are innocent third parties. Panels of this Court have held that the liability of an insurer with respect to insurance becomes absolute whenever injury covered by the policy occurs and that no statement made by or on behalf of the insured or violation of the policy may be used to avoid liability under such circumstances. *Detroit Automobile Inter-Ins Exchange v Ayvazian,* 62 Mich App 94, 99-100; 233 NW2d 200 (1975); *Frankenmuth Mutual Ins Co v Latham,* 103 Mich App 66, 68; 302 NW2d 329 (1981). See also the dicta in *State Farm Mutual Automobile Ins Co v Kurylowicz, supra,* p 574. However, in those cases the insurance companies were attempting to use acts or misrepresentations by the insured to rescind a policy *ab initio* and thus avoid liability to other claimants.

Michigan's comprehensive scheme of compulsory no-fault automobile insurance arguably requires as a matter of policy that the insurer rather than innocent third parties bear the risk of intentional material misrepresentations by the insured. However, we see no reason in law or policy for the burden of such a risk to be placed on the insurer in preference to the insured who made the intentional material misrepresentations. Cases from other jurisdictions supporting this distinction include *Safeway Ins Co v Harvey,* 36 Ill App 3d 388; 343 NE2d 679 (1976), *State Farm Mutual Automobile Ins Co v Wall,* 92 NJ Super 92; 222 A2d 282 (1966), *Ferguson v Employers Mutual Casualty Co,* 254 SC 235; 174 SE2d 768 (1970), *Fireman's Fund Ins Co v Knutsen,* 132 Vt 383; 324 A2d 223 (1974),

and *Zepczyk v Nelson,* 35 Wis 2d 140; 150 NW2d 413 (1967). *Contra, Pearce v Southern Guaranty Ins Co,* 246 Ga 33; 268 SE2d 623 (1980); *Sentry Indemnity Co v Sharif,* 156 Ga App 828; 280 SE2d 354 (1980); *Teeter v Allstate Ins Co,* 9 App Div 2d 176; 192 NYS2d 610 (1959), *aff'd* 9 NY2d 655; 212 NYS2d 71; 173 NE2d 47 (1961).

### III

In *State Farm Mutual Automobile Ins Co v Kurylowicz, supra,* pp 575-577, the Court placed a duty on an insurer to make a reasonable investigation of insurability within a reasonable period of time after acceptance of an application and issuance of a policy. The commissioner argues that the duty should be extended to the issuance of binders, that the insurance company failed to make a reasonable investigation here, and that such a failure should bar rescission *ab initio.* The commissioner explains that a binder is a guarantee of insurance on which the public has a right to rely. Here, however, no question of reliance on the binder by the public is presented, because the claim for personal protection benefits is made by an insured who made intentional material misrepresentations, rather than an innocent third party.

This point is illustrated by the landmark case recognizing a duty of an insurer to make a reasonable investigation, *Barrera v State Farm Mutual Automobile Ins Co,* 71 Cal 2d 659; 79 Cal Rptr 106; 456 P2d 674 (1969). The California court noted that the duty is owed primarily to the class of potential victims of the insured, 71 Cal 2d 675; 79 Cal Rptr 117, and emphasized that the insurer retains its remedies against the insured for the the latter's misrepresentation, 71 Cal 2d 681; 79 Cal Rptr 121.

We need not decide whether there is a duty to investigate before issuing a binder, because under no circumstances does an insurer owe a duty to the insured to discover the latter's intentional material misrepresentations.

Affirmed.