AUTO-OWNERS INSURANCE COMPANY v COMMISSIONER OF
INSURANCE

Docket No. 73340. Submitted July 18, 1984, at Lansing.—Decided
April 8, 1985. Leave to appeal applied for.

Petitioner, Auto-Owners Insurance Company, in two separate
transactions, issued policies of automobile insurance. In each
case an insured was involved in an accident shortly after the
policy was issued and the petitioner, upon investigation, noti-
fied the insured that the policy was being rescinded *ab initio*
because of misrepresentation in the application for insurance.
The alleged misrepresentations concerned the driving records
of the insureds. The Insurance Commissioner determined that
rescission was not appropriate where, as here, the injuries or
losses occurred in circumstances not related to the driving
records of the insureds. The Commissioner ordered petitioner to
reinstate the policies. Auto-Owners petitioned the Eaton Circuit
Court for review of the Commissioner's orders. The circuit
court, Richard M. Shuster, J., reversed the decision of the
Commissioner. The Commissioner appealed. *Held:*

1. An insurer may rescind an insurance policy *ab initio*
where the policy was obtained through the insured's inten-
tional misrepresentation of a material fact in the application
for insurance. The public policy considerations present where
an innocent third party must bear the risk of an intentional
misrepresentation by the insured are not present in this case
where the persons seeking benefits are those who procured the
policies through fraud.

2. The misrepresentation need not relate to the cause of the
injury or loss.

3. The Insurance Commissioner may not order reinstatement

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 37, 46.
    43 Am Jur 2d, Insurance § 426.
    Materiality of false statements by applicant for automobile insur-
        ance as to license revocations or suspensions or traffic violations.
        89 ALR2d 1027.
[3, 4] 7 Am Jur 2d, Automobile Insurance § 1.
    43 Am Jur 2d, Insurance § 452.

of a rescinded policy, as opposed to a cancelled policy, for the reason which the Commissioner put forth in this case, that being a violation of Chapter 32 of the Insurance Code.

Affirmed.

D. E. HOLBROOK, JR., J., dissented. He would hold that the Insurance Commissioner is empowered to order reinstatement of a terminated policy whether the termination is by rescission or cancellation. Under the circumstances of these two transactions, he would hold that the order of reinstatement was proper in one of the cases.

### OPINION OF THE COURT

1. INSURANCE — RESCISSION OF INSURANCE.

An insurer may rescind an insurance policy and declare it void *ab initio* where the policy was procured through the insured's intentional misrepresentation of a material fact in the application for insurance.

2. INSURANCE — MISREPRESENTATION BY INSURED — RESCISSION OF INSURANCE.

The test for determining the materiality of a matter as to which a representation is made by an applicant for insurance is whether reasonably careful and intelligent underwriters would regard the matter as substantially increasing the chances of loss insured against so as to result in a rejection of the risk or the charging of an increased premium; a misrepresentation need not relate to the cause of an actual injury or loss in order to support rescission of the policy.

3. INSURANCE — REINSTATEMENT OF INSURANCE — INSURANCE COMMISSIONER.

The Insurance Commissioner is not authorized, under Chapter 32 of the Insurance Code, to order reinstatement of an insurance policy which has been rescinded because of alleged misrepresentations made by the insured in the application for insurance; Chapter 32 applies only to cancellation of insurance policies, not to rescission (MCL 500.3201 *et seq.;* MSA 24.13201 *et seq.).*

### DISSENT BY D. E. HOLBROOK, JR., J.

4. INSURANCE — CANCELLATION OF INSURANCE — RESCISSION OF INSURANCE — INSURANCE COMMISSIONER.

*The Insurance Commissioner has the authority to order reinstatement of an insurance policy which an insurer has terminated, whether the termination was by way of cancellation or rescis-*

*sion (MCL 500.2001 et seq., 500.3201 et seq.; MSA 24.12001 et seq., 24.13201 et seq.).*

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Everett R. Trebilcock),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *William A. Chenoweth,* Assistants Attorney General, for defendant.

Before: DANHOF, C.J., and D. E. HOLBROOK, JR., and C. W. SIMON, JR.,* JJ.

DANHOF, C.J. Respondent, the Commissioner of Insurance, appeals as of right from an order of the lower court holding that respondent erred in finding that the remedy of rescission was not available to petitioner and that respondent was unauthorized to reinstate the rescinded policies of insurance. Respondent held an administrative hearing and ordered petitioner to reinstate two automobile insurance policies. Petitioner appealed this decision to the circuit court. We agree with the lower court's decision and affirm. The policies involved two different families, the Darnells and the Fantis.

Mrs. Darnell applied for insurance on behalf of her husband on April 1, 1980. At that time she did not have a valid driver's license. A binder was issued immediately. Petitioner received a copy of the husband's driving record on April 11 and a no-fault automobile insurance policy was issued to him with full knowledge of his driving record on April 14. On the same day the petitioner was notified that Mr. Darnell had been seriously injured on April 12 when an auto struck him from behind while hand pushing a co-worker's auto.

Mr. Darnell's license expired on April 20, as he

* Circuit judge, sitting on the Court of Appeals by assignment.

was hospitalized and unable to renew it. Petitioner sent notice that the policy would be cancelled for the reason that there was no licensed driver in the household. An agreement was reached that the policy would be valid if Mrs. Darnell had a license and she provided petitioner with a copy of it.

Around May 1, petitioner learned that Mrs. Darnell's license was suspended for failure to respond to a speeding ticket issued on January 13, 1977. On May 12, 1980, petitioner sent notice that the policy was being rescinded *ab initio* on the basis of Mrs. Darnell's misrepresentations of her own record.

As to the Fanti transaction, Mr. Fanti applied for no-fault insurance on June 6, 1980, and a binder was issued that day. On June 11, Mr. Fanti was involved in an accident as a passenger in his car. The accident resulted in damages to a fence as well as his own automobile.

Mr. Fanti's policy was processed and approved on June 13. On June 16, he was authorized to have repairs done on his car. Petitioner recieved Mr. Fanti's driving record on June 20, 1980, and three days later informed him that his policy was being rescinded *ab initio* based upon his misrepresentation of his driving record.

On appeal respondent contends that a Michigan insurer may no longer rescind *ab initio* on the grounds of material misrepresentation and that rescission is not appropriate when the misrepresentation has no relationship to the risk of injury which actually occurred. Respondent additionally claims that she has the power to order reinstatement of an insurance policy under these circumstances.

Respondent's argument that Michigan insurers may not rescind an insurance policy has already been decided contrary to her contentions. Recent

decisions of this Court have held that an insurer may rescind an insurance policy and declare it void *ab initio* where such policy was procured through the insured's intentional misrepresentation of a material fact in the application for insurance. *Cunningham v Citizens Ins Co of America,* 133 Mich App 471; 350 NW2d 283 (1984); *United Security Ins Co v Comm'r of Ins,* 133 Mich App 38; 348 NW2d 34 (1984). The *Cunningham* Court specifically disavowed the language in *State Farm Mutual Automobile Ins Co v Kurylowicz,* 67 Mich App 568; 242 NW2d 530 (1976), to the effect that a policy of no-fault insurance becomes absolute once an injury arises; and, in *United Security, supra,* this proposition was rejected because the cases in which it had previously been endorsed involved innocent third-party claimants. The public policy considerations present where an innocent third party must bear the risk of an intentional misrepresentation by the insured are not present where, as is here asserted, the person seeking to collect no-fault benefits is the same person who procured the policy of insurance through fraud.[1] For the same reason, we reject respondent's contentions in this regard.[2]

---

[1] In noting this difference in *United Security, supra,* the Court distinguished the cases of *DAIIE v Ayvazian,* 62 Mich App 94, 99-100; 233 NW2d 200 (1975); *Frankenmuth Mutual Ins Co v Latham,* 103 Mich App 66; 302 NW2d 329 (1981), and *State Farm Mutual Automobile Ins Co v Kurylowicz, supra,* wherein this Court disallowed the insurance companies' attempts to use the insureds' misrepresentation to rescind the policy *ab initio* and avoid liability *to other claimants.*

[2] We note, however, that in the instant case we are not called upon to address the underlying issue of whether rescission *ab initio* was warranted under these facts. This issue is more appropriately left to the insureds who wish to pursue the matter so that the actual parties to the policy have a full opportunity to present their positions. Indeed, the Darnells have done such and their appeal is considered by this Court in *Darnell v Auto-Owners,* 142 Mich App —; — NW2d — (1985). At this juncture, we hold only that rescission is a potential remedy to insurance companies where the above-noted conditions exist.

We next turn to respondent's other basis for disallowing rescission in the instant case, namely, that where an insured is injured and his driving record and driving behavior have nothing to do with the accident which occasioned his injury, the insurance company should not be allowed to void the policy of insurance *ab initio.* This is equivalent to an assertion that the misrepresentation was not material. Rescission, however, does not depend on the "cause" of the injury. Rather, we must view the misrepresentation as it relates to the procurement of the policy of insurance. Quoting from 29 Am Jur, Insurance, § 525, the Supreme Court in *Keys v Pace,* 358 Mich 74, 82; 99 NW2d 547 (1959), noted that:

" '[t]he generally accepted test for determining the materiality of a fact or matter as to which a representation is made to the insurer by an applicant for insurance is to be found in the answer to the question whether reasonably careful and intelligent underwriters would have regarded the fact or matter, communicated at the time of effecting the insurance, as *substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium.'* (Emphasis supplied.)"[3]

---

[3] It is also noteworthy that, with respect to life insurance, a similar inquiry is made. The insurance company must establish a misrepresentation of fact, reliance thereon, and the materiality of the misrepresentation as it relates to the risk accepted by the insurer. *Howard v Golden State Mutual Life Ins Co,* 60 Mich App 469, 477; 231 NW2d 655 (1975), lv den 395 Mich 762 (1975). Accord, *Wickersham v John Hancock Mutual Life Ins Co,* 413 Mich 57, 67-70; 318 NW2d 456 (1982). The misrepresentation need not have a causal nexus to the death. We see no reason why automobile insurance should be viewed differently to require a connection between the misrepresentation and the accident. We disagree with respondent's contention that *Wickersham* involved a statutory provision which related to disability insurance coverage and which authorized rescission without such causal connection in that case, whereas no such provision applies here to authorize petitioner's actions. The discussion in *Keys v Pace, supra,* pp 81-83, involving automobile insurance, belies respondent's assertion that statutory authorization is required.

Accordingly, we reject respondent's argument that the misrepresentation must causally relate to the injury or loss.

Next, respondent contends that she has the right to order reinstatement of an insurance policy terminated in violation of Chapter 32 of the Insurance Code. While we do not disagree with this statement under appropriate circumstances, we do not believe the instant case presents such circumstances.

We note that in her final decision, the Insurance Commissioner made a finding that petitioner had not violated the unfair trade practice prohibitions of MCL 500.2006; MSA 24.12006 and MCL 500.2026; MSA 24.12026, but that petitioner had violated Chapter 32 of the Insurance Code, so that reinstatement for such violation was appropriate under MCL 500.3244; MSA 24.13244.

Section 3244 of the Insurance Code grants authority to the Commissioner of Insurance to order reinstatement of a policy which was *cancelled* without complying with the provisions of Chapter 32 of the code. However, the case at bar does not present an issue of cancellation; it is a case of rescission. This Court, in *Cunningham v Citizens Ins Co, supra,* pp 478-480, specifically noted that there exists a distinction between rescission and cancellation, citing *Wall v Zynda,* 283 Mich 260, 264; 278 NW 66 (1938), and stated that Chapter 32 of the Insurance Code only addressed cancellation, thereby leaving unaffected the remedy of rescission. Consequently, we conclude that Chapter 32 of the Insurance Code grants no authority to respondent to order reinstatement of a *rescinded* insurance policy.

Respondent further argues that there is an inconsistency to say on the one hand that the rescission was unlawful, but on the other, to allow

petitioner to continue to rely on the rescission. We note first, however, that the propriety of the rescission has not been determined. We hold here only that rescission is an available remedy. But, in any event, where a policy is improperly rescinded, the appropriate remedy would be the policy holders' action against petitioner for recovery of benefits owed to them. An administrative remedy that might be appropriate could be had under the unfair trade practice prohibition found in MCL 500.2006; MSA 24.12006. As noted above, however, respondent specifically found here that no such violation occurred. Thus, whether respondent would be authorized to reinstate a policy where a Chapter 20 violation has been found is not at issue here. Nor is Chapter 32 at issue. For these reasons, we hold that under the circumstances of the instant case respondent was not authorized to reinstate the rescinded policies.

Affirmed.

C. W. SIMON, JR., J., concurred.

D. E.HOLBROOK, JR., *(dissenting).* I must respectfully dissent. The majority has held that the Commissioner of Insurance does not have the authority to order reinstatement of a rescinded insurance policy. I believe that the authority granted to the Commissioner in MCL 500.3201 *et seq.;* MSA 24.13201 *et seq.* and MCL 500.2001 *et seq.;* MSA 24.12001 *et seq.,* by implication extends to those circumstances when the insurance company attempts to rescind. By holding otherwise I fear that the majority has given insurance companies a method by which to side-step the Insurance Code by merely labeling the termination of the policy as rescission, a result which could undermine the entire Insurance Code. I feel that the Commis-

sioner has the authority to reinstate or validate a terminated policy regardless of the reason it is terminated, subject to judicial review.

I would also find that the Legislature did not intend to preclude rescission as a remedy. *United Security Ins Co v Comm'r of Ins,* 133 Mich App 38, 42; 348 NW2d 34 (1984).

In the instant case, I have carefully reviewed both the Darnell and the Fanti transactions and I do not find Mr. Darnell to be a wrongdoer. His policy was issued with petitioner's full knowledge of his driving record. As a result of the accident Mr. Darnell was unable to leave the hospital to renew his license, and it expired. Petitioner sent a cancellation notice to Darnell because there were no licensed drivers at his address. It was at this point that Mrs. Darnell then made the alleged misrepresentation regarding her license. As there was no fraud or forgery or misrepresentation of Mr. Darnell's driving record and the policy was issued in his name alone with full knowledge of his driving record, I do not find it proper for his insurance to be considered void from its inception. I grant that it may be possible for rescission *ab initio* to be the proper remedy from the date that the wife may have made representations, if the policy was amended to include her, however this was well after the accident in question, and that issue need not be discussed here.

Mr. Fanti, on the other hand, did misrepresent his driving record, and I would affirm the lower court's holding that he was a wrongdoer.

Accordingly, I would have held that not only did the Commissioner of Insurance have the authority to order reinstatement of such rescinded policies, but that such an order was appropriate in the Darnell transaction.