HAMMOUD v METROPOLITAN PROPERTY AND CASUALTY INSUR-
ANCE COMPANY

Docket No. 178285. Submitted July 16, 1996, at Detroit. Decided April 1,
1997, at 9:05 A M.

Ahmad Hammoud brought an action in the Wayne Circuit Court
against Metropolitan Property and Casualty Insurance Company,
seeking benefits under a no-fault insurance policy issued by the
defendant for injuries he suffered while driving the insured vehicle.
The defendant filed a counterclaim, seeking rescission of the insur-
ance policy on the basis of material misrepresentations that had
been made in the application for insurance. The vehicle in question
was titled in plaintiff's name, but the application for insurance was
made by the plaintiff's older brother, who was the only driver listed
on the insurance application. The policy application listed only
plaintiff's sister-in-law under the provision requesting a list of all
residents that had not already been listed, although the plaintiff
resided with his brother and sister-in-law and regularly drove the
vehicle. The court, Sharon Tevis Finch, J., granted summary dispo-
sition for the defendant and allowed rescission of the policy, after
having rejected the plaintiff's position that because he had not
made the misrepresentations, he was an innocent third party
whose injuries precluded rescission of the policy. The plaintiff
appealed.

The Court of Appeals *held*:

1. Where a policy of no-fault insurance is procured through the
insured's intentional misrepresentation of a material fact in the
application for the insurance and the person seeking to collect the
no-fault benefits is the same person who procured the policy of
insurance through fraud, an insurer may rescind the policy and
declare it void ab initio. However, the right to rescind ceases to
exist once there is a claim involving an innocent third party.

2. Because the plaintiff, as the owner of the vehicle for which
insurance was sought, bore the legal responsibility to insure the
vehicle and, in order to save money, allowed his older brother to
obtain the necessary insurance by misrepresenting facts concerning
the plaintiff's use and access to the vehicle, the plaintiff was
actively involved in defrauding the defendant and was not an inno-

cent third party. Accordingly, the trial court did not err in concluding that the defendant was entitled to rescind the policy ab initio.

3. A no-fault insurer does not owe a duty to an insured to investigate or verify the representations made by the insured in an application for insurance. Accordingly, an insurer is not estopped from seeking rescission of an insurance policy on the basis of misrepresentations made by an insured in the application for insurance by reason of its failure to investigate the representations to ascertain whether they are true.

Affirmed.

MARILYN KELLY, P.J., dissenting, stated that summary disposition for the defendant and rescission of the insurance policy was inappropriate because there remains a genuine issue of material fact concerning whether the plaintiff conspired with his brother in the making of the misrepresentations and, accordingly, whether the plaintiff was an innocent third party.

1. INSURANCE — NO-FAULT INSURANCE — APPLICANT'S FALSE REPRESENTATIONS — RESCISSION.

An insurer may rescind a no-fault insurance policy and declare it void ab initio where the policy was procured through the insured's intentional misrepresentation of a material fact in the application for the insurance and the person seeking to collect the no-fault benefits is the same person who procured the policy of insurance through fraud; however, the right to rescind ceases to exist once there is a claim involving an innocent third party.

2. INSURANCE — NO-FAULT INSURANCE — APPLICANT'S FALSE REPRESENTATIONS — RESCISSION — ESTOPPEL.

A no-fault insurer does not owe a duty to an insured to investigate or verify the representations made by the insured in an application for insurance; accordingly, an insurer is not estopped from seeking rescission of an insurance policy on the basis of misrepresentations made by an insured in the application for insurance by reason of its failure to investigate the representations to ascertain whether they are true.

*Law Offices of Geno T. Zayid,* (by *Geno T. Zayid*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper and Becker, P.C.* (by *James L. Borin, David J. Lankford,* and *Anne K. Newcomer*), for the defendant.

Before: MARILYN KELLY, P.J., and MACKENZIE and J. R.
ERNST*, JJ.

MACKENZIE, J. Plaintiff, who was under age twenty-
five, was injured in an automobile accident while he
was driving a 1986 Ford Thunderbird. Claiming to be
an insured under a no-fault policy issued by defend-
ant, plaintiff sought and was denied no-fault benefits
for his injuries. This action followed. Defendant filed
a countercomplaint seeking to rescind ab initio its
policy because of material misrepresentations made
in the application for insurance. The trial court
granted summary disposition for defendant insurer,
and plaintiff now appeals as of right. We affirm.

Although the Thunderbird was titled in plaintiff's
name only, the application for no-fault insurance for
the Thunderbird was made by plaintiff's older
brother, Mohamad Hammoud. Under the "Driver
Information" portion of the application, Mohamad
Hammoud was the only listed driver of the vehicle.
Mohamad Hammoud's wife, Iman Hammoud, was the
only person listed under the heading "All Residents
Not Previously Indicated." There was no mention of
plaintiff in the application, although he resided with
his brother and sister-in-law and drove the Thunder-
bird on a regular basis. At his deposition, plaintiff
acknowledged that he never attempted to get insur-
ance for the car. He explained that his brother
"helped me pay for the car, so we both drove the car,
and he figured it would be cheaper to have it
[insured] in his name."

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

In granting defendant's motion for summary disposition and allowing rescission, the trial court rejected plaintiff's position that because he himself did not make the misrepresentations in the application, he was an innocent third party whose injuries precluded rescission of the no-fault policy. On appeal, plaintiff contends that the court erred in this determination. We disagree.

Where a policy of insurance is procured through the insured's intentional misrepresentation of a material fact in the application for insurance, and the person seeking to collect the no-fault benefits is the same person who procured the policy of insurance through fraud, an insurer may rescind an insurance policy and declare it void ab initio. *Cunningham v Citizens Ins Co of America*, 133 Mich App 471; 350 NW2d 283 (1984). However, this right to rescind ceases to exist once there is a claim involving an innocent third party. *Katinsky v Auto Club Ins Ass'n*, 201 Mich App 167, 170; 505 NW2d 895 (1993); *Darnell v Auto-Owners Ins Co*, 142 Mich App 1, 9; 369 NW2d 243 (1985). See also *Burton v Wolverine Mutual Ins Co*, 213 Mich App 514, 517, n 2; 540 NW2d 480 (1995).

In contrast to the situations in *Katinsky, supra*, and *Darnell, supra*, where the persons injured were considered innocent third parties to a material misrepresentation made to an insurance company, plaintiff in this case was not an innocent third party with respect to the misrepresentations made to defendant in the application for no-fault insurance. Plaintiff was the owner of the insured vehicle, with the responsibility to maintain a policy of no-fault insurance. To save money, he allowed his older brother to obtain the necessary insurance by misrepresenting plaintiff's sta-

tus as a driver of the vehicle. Under these circumstances, plaintiff was actively involved in defrauding defendant and was not an innocent third party. Accordingly, the trial court did not err in finding that defendant was entitled to rescission ab initio of its policy covering the Thunderbird.

Plaintiff argues that defendant insurer should be estopped from seeking rescission because it could have discovered that Mohamad Hammoud was not the titled or registered owner of the Thunderbird before it issued the policy. According to plaintiff, by failing to verify what his brother represented on the application for insurance, defendant waived its right to rescind the policy. Contrary to plaintiff's argument, however, an insurer does not owe a duty to the insured to investigate or verify that individual's representations or to discover intentional material misrepresentations. *United Security Ins Co v Comm'r of Ins*, 133 Mich App 38, 45; 348 NW2d 34 (1984). Defendant was therefore not estopped from seeking rescission of its policy.

Affirmed.

J. R. ERNST, J., concurred.

MARILYN KELLY, P.J. *(dissenting)*. I respectfully dissent.

I agree with the majority that, should it be determined that plaintiff is not an innocent third party, defendant is entitled to rescind its contract. *Katinsky v Auto Club Ins Ass'n*, 201 Mich App 167, 170; 505 NW2d 895 (1993). However, I believe that factual questions remain as to whether plaintiff was involved in the misrepresentation.

When reviewing a motion granted pursuant to MCR 2.116(C)(10), this Court considers the pleadings, affidavits, depositions, admissions, and any other evidence favoring the party opposing the motion. Only if there is no genuine issue of material fact is the moving party entitled to judgment as a matter of law. *Bourne v Farmers Ins Exchange*, 449 Mich 193, 197; 534 NW2d 491 (1995).

Both the trial court and the majority conclude that plaintiff was actively involved in defrauding defendant. Therefore, he was not an innocent third party. However, in reaching this conclusion, they have both resolved questions of fact which should have been left for the jury.

Plaintiff testified at his deposition that, even though the car was titled in his name, his brother Mohamad helped him pay for it. In plaintiff's eyes, the car belonged to both of them. Mohamad decided to buy the insurance, because it was believed that it would be cheaper for him to be the principal driver of the car, as he was over twenty-five years of age. However, at no time during his deposition did plaintiff state that he conspired with Mohamad to omit plaintiff's name from the insurance policy. It is quite possible that plaintiff fully expected that Mohamad would include his name as an insured. Because we are reviewing a motion brought pursuant to MCR 2.116(C)(10), we must look at the evidence in a light most favorable to plaintiff. Therefore, I would leave it to the jury to determine whether plaintiff's version is credible.