# STATE OF MICHIGAN

# COURT OF APPEALS

---

AR THERAPY SERVICES, INC.,

        Plaintiff,

and

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant/Third-Party Plaintiff-
        Appellee,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

        Third-Party Defendant-Appellant,

and

DOMINIQUE WILLIAMS,

        Third-Party Defendant.

UNPUBLISHED
June 14, 2016

No. 322339
Oakland Circuit Court
LC No. 2014-138769-AV

---

Before: SAWYER, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

At issue in this case is whether third-party plaintiff Farm Bureau Mutual Insurance Company of Michigan ("Farm Bureau") or third-party defendant Progressive Marathon Insurance Company ("Progressive") is liable for no-fault personal injury protection ("PIP") benefits claimed by plaintiff AR Therapy Services ("AR Therapy") for services rendered to Christopher Carmichael, who was injured while a passenger in an automobile insured by Progressive, in light of Progressive's subsequent decision to rescind the policy *ab initio* due to

-1-

alleged fraud by its insured, third-party defendant Dominique Williams.[1]  The district court granted summary disposition in favor of Farm Bureau on this issue, holding that Progressive could not rescind the policy with respect to Carmichael, an innocent third-party to the alleged fraud, and ordered that Progressive, as the insurer with the highest priority, was required to reimburse Farm Bureau for PIP benefits and loss adjustment costs through January 13, 2014.  On appeal, the circuit court affirmed.  The case is now before us on delayed leave granted.[2]  We are asked to weigh in on the issue of whether our Supreme Court's decision in *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012), entailing the "easily ascertainable" rule in the context of insurance application fraud and whether an insurance company can rescind an excess liability policy, impacts the innocent third-party rule in the context of PIP benefits.

On March 31, 2012, Carmichael was injured in an automobile accident while riding as a passenger in Williams' car.  At the time of the accident, the automobile was insured by Progressive.  AR Therapy provided approximately $17,280 worth of medical services to Carmichael and sought compensation for those services as recoverable PIP benefits from Farm Bureau—the servicing insurer under the assigned claims plan[3] for the claim filed on behalf of Carmichael.  Farm Bureau refused to pay, so AR Therapy filed suit in the district court.  In response, Farm Bureau alleged that Progressive, which insured Williams' automobile, had higher

---

[1] This case was submitted with *Bazzi v Sentinel Ins Co*, __ Mich App __; __ NW2d __ (2016) (Docket No. 320518), because the cases raise similar issues.

[2] *AR Therapy Servs, Inc v Farm Bureau Mut Ins Co*, unpublished order of the Court of Appeals (Docket No. 322339, issued December 26, 2014).

[3] Under the assigned claims plan (formerly the assigned claims facility), a claim for PIP benefits for which there is no applicable PIP coverage is initially filed and an initial determination is made regarding the claimant's eligibility for benefits.  Mich Admin Code, R 11.106(1) and R 11.108(1).  The assigned claims plan is responsible for assigning an eligible claim to a servicing insurer.  Rule 11.108(3).  MCL 500.3172(1) provides:

> A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be identified, the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss, or the only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed. In that case, unpaid benefits due or coming due may be collected under the assigned claims plan and the insurer to which the claim is assigned is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility.

priority for the payment of PIP benefits. Farm Bureau filed a third-party complaint against both Progressive and Williams, claiming that the automobile was either covered by Progressive, and thus, Progressive had to pay the benefits, or if Williams were found to be uninsured, Farm Bureau would be entitled to recovery from her for any no-fault benefits payable to or on behalf of Carmichael pursuant to MCL 500.3177.

Progressive moved for summary disposition and argued that Farm Bureau was not entitled to reimbursement for PIP benefits because after the accident, Progressive had rescinded Williams' policy back to its inception date of March 2, 2012, due to alleged fraud in the application process. Specifically, Progressive claimed that the policy had been purchased with a stolen credit card. Progressive pointed to policy language indicating that it could void the policy at any time based on the fraudulent conduct of the insured. It argued that nothing precluded it from rescinding the policy *ab initio,* and thus, it had no liability for any PIP benefits rendered to Carmichael.

In response, Farm Bureau argued that Progressive had no right to rescind its no-fault policy with respect to mandatory PIP benefits after a claim involving an innocent third party arose. According to Farm Bureau, Carmichael was innocent of any alleged fraud perpetrated by Williams, and the innocent third-party rule prevented Progressive from rescinding PIP coverage for innocent third parties upon the happening of a covered injury. The innocent third-party rule provides that where an injured third party is innocent of fraud perpetrated by an insured in obtaining an insurance policy, the insurer may not rescind the policy as to the injured, innocent third party. See, e.g., *Hammoud v Metropolitan Prop & Cas Ins Co*, 222 Mich App 485, 488; 563 NW2d 716 (1997).

In a supplemental brief filed on September 24, 2013, Progressive argued that the innocent third-party rule underlying Farm Bureau's position was implicitly overruled by our Supreme Court's decision in *Titan*, 491 Mich 547. The district court disagreed with Progressive and granted summary disposition to Farm Bureau after concluding that the innocent third-party rule survived our Supreme Court's decision in *Titan*. On appeal to the circuit court, the circuit court affirmed the district court's decision.

In light of our decision in *Bazzi v Sentinel Ins Co*, __ Mich App __; __ NW2d __ (2016) (Docket No. 320518), we reverse the circuit court's decision. We concluded in *Bazzi*, that *Titan* abrogated the innocent third-party rule. Accordingly, if Progressive is able to establish fraud in this case, they may declare the policy void ab initio and are not obligated to pay PIP benefits for Carmichael.

Reversed and remanded to the district court for further proceedings consistent with this opinion and our opinion in *Bazzi*. We do not retain jurisdiction. Appellant may tax costs.

/s/ David H. Sawyer

-3-