# Court of Appeals, State of Michigan

## ORDER

JANICE SHERMAN V PROGRESSIVE MICHIGAN INSURANCE COMPANY

Docket No.     364393

LC No.          22-000075-NI

Thomas C. Cameron
Presiding Judge

Noah P. Hood

Adrienne N. Young
Judges

The motion for reconsideration is GRANTED, and this Court's opinion issued June 20, 2024 is hereby VACATED. A new opinion is attached to this order.

The motion to file an amicus curiae brief is GRANTED and the brief filed with the motion is accepted.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

_September 5, 2024_
Date

_____
Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANICE SHERMAN,

        Plaintiff-Appellee,

v

PROGRESSIVE MICHIGAN INSURANCE COMPANY,

        Defendant-Appellant,

and

JOHN DOE,

        Defendant.

FOR PUBLICATION
September 5, 2024
9:05 a.m.

No. 364393
Washtenaw Circuit Court
LC No. 22-000075-NI

ON RECONSIDERATION

Before: CAMERON, P.J., and N. P. HOOD and YOUNG, JJ.

CAMERON, P.J.

In this interlocutory appeal arising under Michigan's no-fault act, MCL 500.3101 *et seq.*, defendant, Progressive Michigan Insurance Company (Progressive), appeals by leave granted[1] the order denying its motion for summary disposition under MCR 2.116(C)(10) (no genuine question of material fact) and ordering reformation of plaintiff's, Janice Sherman's, automobile insurance policy.

We clarify that, in these cases, courts should examine the conduct of the parties to determine the equitable result. Because this case involves misconduct by Sherman, but not Progressive, the trial court erred to the extent it concluded Progressive should bear the financial risk and it abused its discretion in ordering the insurance policy reformed. We therefore reverse

---

[1] *Sherman v Progressive Mich Ins Co*, unpublished order of the Court of Appeals, entered June 27, 2023 (Docket No. 364393).

the trial court's order denying summary disposition and ordering reformation of the policy, and remand to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On November 12, 2020, Sherman applied to Progressive for a no-fault insurance policy for two vehicles—a 2006 Cadillac DTS sedan and a 1993 Chrysler New Yorker sedan. In the application, she identified her address as 16845 Tremlett Drive, Clinton Township, MI 48035, and confirmed that the vehicles were garaged at this address. The application required Sherman to disclose the total number of resident relatives, 14 years of age or older, and "all regular drivers" of her vehicles then residing in her household. Sherman identified herself as the sole resident and driver of the vehicles. She did not change this information when she renewed her policy on May 15, 2021.

On July 14, 2021, Sherman was a passenger in one of these vehicles when it was hit from behind by John Doe.[2] She was injured in this accident and turned to Progressive for personal protection insurance (PIP) benefits. Progressive notified Sherman that it was denying coverage and rescinding the policy *ab initio* because of misrepresentations in her application. According to Progressive, Sherman garaged her vehicles at 12525 Gunston Street, Detroit, MI 48205, not Tremlett Drive. Additionally, Sherman had other individuals residing with her who she did not list on her application. Progressive estimated that, had Sherman included this additional information, it would have increased her premium by 83.2%. Progressive refunded the $1,491.54 of previously paid premiums to Sherman's credit card.

Sherman then filed the complaint in this case. In addition to her claim against Doe, Sherman alleged that Progressive unlawfully refused to pay PIP benefits and had breached her insurance contract. Progressive moved for summary disposition, arguing Sherman was not entitled to recover PIP benefits because the policy of insurance was rescinded *ab initio* after Progressive uncovered evidence of Sherman's material misrepresentations, including the location where the vehicles were garaged and the identity of Sherman's resident-relatives. Sherman disagreed, contending summary disposition was inappropriate because revocation is not an automatic remedy in cases concerning alleged fraud. Rather, the remedy should be tailored to the equities of the situation and needed to produce a fair result for all parties. The trial court denied the motion for summary disposition and ordered that the policy be reformed to reflect the "insurance premium that [Progressive] believes it would have been entitled to had the insured listed Detroit as the residence." This appeal followed.

## II. FRAUD IN AN AUTOMOBILE INSURANCE POLICY

Progressive argues the trial court erred when it denied its motion for summary disposition. According to Progressive, summary disposition is appropriate in light of Sherman's fraud, and that rescission is the appropriate remedy. We agree.

---

[2] Doe has apparently never been located.

## A. STANDARD OF REVIEW

The first issue in this case is the trial court's evaluation of Progressive's motion for summary disposition under MCR 2.116(C)(10). A trial court's determination on a motion for summary disposition is reviewed de novo. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52; 684 NW2d 320 (2004). When reviewing a motion under MCR 2.116(C)(10), a trial court considers "the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable" to the nonmoving party. *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 461; 646 NW2d 455 (2002). Summary disposition under MCR 2.116(C)(10) is appropriate "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Rose*, 466 Mich at 461.

As we conclude below, there was no genuine question of fact as to Sherman's fraud. Therefore, the second issue in this case is whether the trial court properly ordered a reformation of the insurance contract. This Court reviews de novo a trial court's interpretation of an insurance contract, and also whether a trial court properly applied equitable principles. *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 443; 889 NW2d 759 (2016). "Finally, the application of an equitable doctrine such as rescission is also reviewed de novo." *Wilmore-Moody v Zakir*, 511 Mich 76, 83; 999 NW2d 1 (2023). But, the ultimate question of the appropriate remedy is reviewed for an abuse of discretion. *Id*. at 85. Put differently, "[e]quitable relief by way of cancellation is not strictly a matter of right, but rather a remedy, the granting of which rests in the sound discretion of the court." *Amster v Stratton*, 259 Mich 683, 686; 244 NW 201 (1932).

## B. LAW AND ANALYSIS

"The purpose of the Michigan no-fault act is to broadly provide coverage for those injured in motor vehicle accidents without regard to fault." *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 37; 748 NW2d 574 (2008). "[T]he no-fault act requires registrants and operators of motor vehicles to maintain compulsory no-fault insurance." *Wilmore-Moody*, 511 Mich at 83, citing MCL 500.3101(1). MCL 500.3105(1) requires insurers to pay PIP benefits to those whom they insure who are accidentally injured in the "use of a motor vehicle as a motor vehicle[.]"

But, "an insurer has a reasonable right to expect honesty in the application for insurance[.]" *Bazzi v Sentinel Ins Co*, 502 Mich 390, 407; 919 NW2d 20 (2018). "Indeed, it is well settled that an insurer is entitled to rescind a policy *ab initio* on the basis of a material misrepresentation made in an application for no-fault insurance." *21st Century Premier Ins Co*, 315 Mich App at 445. A misrepresentation is material if the insurer would have rejected the risk or charged an increased premium and would not have issued the same contract had it been given the correct information. See *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 255; 632 NW2d 126 (2001).

There are three types of misrepresentations which may entitle an insurer to rescind a policy: "[A]ctionable fraud, also known as fraudulent misrepresentation; innocent misrepresentation; and silent fraud, also known as fraudulent concealment." *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012).

Rescission "does not 'function by automatic operation of the law.' " *Wilmore-Moody*, 511 Mich at 85, quoting *Bazzi*, 502 Mich at 411. "[R]escission should not be granted in cases where

the result thus obtained would be unjust or inequitable." *Bazzi*, 502 Mich at 410, quoting *Amster*, 259 Mich at 686. Courts should "balance the equities" to determine whether rescission is appropriate. *Johnson v QFD, Inc*, 292 Mich App 359, 370 n 3; 807 NW2d 719 (2011).

For example, we have deemed reformation "the appropriate remedy when an insurance contract violates the law or public policy." *Progressive Marathon Ins Co v Pena*, 345 Mich App 270, 276; 5 NW3d 367 (2023). Similarly, reformation is possible if a party can "prove a mutual mistake of fact, or mistake on one side and fraud on the other, by clear and convincing evidence." *Casey v Auto Owners Ins Co*, 273 Mich App 388, 398; 729 NW2d 277 (2006). This Court has also held that reformation is available for contracts if the writing "fails to express the intentions of the parties . . . as the result of accident, inadvertence, mistake, fraud, or inequitable conduct, or both fraud and mistake, fraud or inequitable conduct being on one side and mistake on the other." *Najor v Wayne Nat'l Life Ins Co*, 23 Mich App 260, 272; 178 NW2d 504 (1970), quoting 45 Am Jur, Reformation of Instruments, § 45, p 609

In this case, Progressive moved for summary disposition on the basis of Sherman's alleged fraud. While we reject Progressive's argument for fraudulent misrepresentation, we agree there is no genuine question of fact of innocent misrepresentation. Indeed, rescission "is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer." *21st Century Premier Ins Co*, 315 Mich App at 446. "Rescission is justified in cases of innocent misrepresentation if a party relies upon the misstatement, because otherwise the party responsible for the misstatement would be unjustly enriched if he were not held accountable for his misrepresentation." *Lash v Allstate Ins Co*, 210 Mich App 98, 103; 532 NW2d 869 (1995); see also *M & D, Inc v W B McConkey*, 231 Mich App 22, 27; 585 NW2d 33 (1998). "[T]he party alleging innocent misrepresentation is not required to prove that the party making the misrepresentation intended to deceive or that the other party knew the representation was false." *M&D, Inc*, 231 Mich App at 28.

Progressive's litigation underwriting specialist, Janeen Copic, submitted an affidavit stating that Progressive would have charged a 7.7% higher premium had Sherman accurately disclosed the number of drivers and resident-relatives at the reported address, and a 75.5% increased premium had Sherman disclosed her permanent Detroit residence. Progressive relied on Sherman's misrepresentations, as stated in Copic's affidavit, to determine a lower premium for coverage than what Progressive would otherwise have charged. Sherman does not dispute this reliance. Thus, there is no genuine issue of material fact that Sherman made an innocent misrepresentation, and that Progressive would have issued a different contract but for this misrepresentation.

The trial court, sitting in equity, should have next examined Progressive's conduct related to the procurement of the policy. Sherman did not allege bad faith or wrongdoing by Progressive prior to the rescission. Further, there was no evidence that Progressive engaged in misconduct in the procurement of the policy. In these circumstances, Michigan jurisprudence has

overwhelmingly held that courts should uphold the insurer's rescission.[3]  For example, in *United Security Ins Co v Comm'r of Ins*, 133 Mich App 38, 40; 348 NW2d 34 (1984), this Court considered a situation in which the insured made intentional misrepresentations in his application for insurance.  The insurer rescinded the policy *ab initio* on the basis of these representations.  *Id.* In examining the rescission, we noted there was "no reason in law or policy for the burden of such a risk to be placed on the insurer in preference to the insured who made the intentional material misrepresentations."  *Id.* at 43.  Accordingly, we upheld the trial court's order upholding the rescission.  *Id.* at 45.

The trial court's balance of the equities should have revealed misconduct by Sherman, but none by Progressive.  The trial court erred by failing to recognize this distinction.  Compounding this error was the trial court's decision to reform, rather than rescind, the policy.  Not only did Sherman fail to request reformation in her demand for relief, *United Security* stands for the proposition that innocent insurers should not bear the burden of an insured's fraud.  By ordering the policy reformed, the trial court placed the financial burden of paying PIP benefits on Progressive, notwithstanding the fact that Sherman obtained those very same benefits by way of fraud.  Therefore, the trial court abused its discretion when it ordered reformation, rather than rescission.

Reversed and remanded to the trial court for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Noah P. Hood
/s/ Adrienne N. Young

---

[3] See also *Hammoud v Metro Prop & Cas Ins Co*, 222 Mich App 485, 488; 563 NW2d 716 (1997); *Auto-Owners Ins Co v Mich Comm'r of Ins*, 141 Mich App 776, 780; 369 NW2d 896 (1985); *Cunningham v Citizens Ins Co of America*, 133 Mich App 471, 478; 350 NW2d 283 (1984).