Tommy Norris **MEDLEY** and Marshall Judd, Administrator of the Estate of George M. Maynard and Freda Maynard, Plaintiffs-Appellees,

v.

**CIMMARON INSURANCE CO., INC.,** Defendant-Appellant.

Supreme Court of Tennessee.

Sept. 30, 1974.

————◆————

Marvin E. Snow, John E. Acuff, Cookeville, for defendant-appellant.

Vernon Neal, Cookeville, for plaintiffs-appellees.

## OPINION

HARBISON, Justice.

In this case Tommy Norris Medley obtained a judgment in the Circuit Court of Putnam County, Tennessee for personal injuries sustained in an automobile accident which occurred on July 24, 1971. The judgment was rendered on December 18, 1972 against the administrator of the estate of George M. Maynard and against Mrs. Freda Maynard.

That action was defended on behalf of the Maynards by the appellant here, Cimmaron Insurance Company. On May 28, 1971 the defendant had issued a policy of automobile liability insurance to George and/or Freda Maynard insuring the automobile which was later involved in the accident. The suit apparently was defended, however, by the insurance carrier under a reservation of rights, and there is no contention made that it has waived any of its rights or defenses.

When the insurance carrier did not pay the judgment, the holder of the judgment, Medley, together with Mrs. Maynard and the administrator of the estate of George Maynard, filed this action against the insurance carrier, seeking to recover the amount of the judgment, together with penalty and interest. The amount of the judgment was $10,000.00, which was the policy limit for personal injuries provided in the policy for a single individual.

A specimen of the policy in question was exhibited to the complaint in the present action.

The insurance carrier filed an answer, admitting the issuance of the policy and its refusal to pay the judgment. The insurance carrier alleged that in connection with the application for insurance there had been material misrepresentations made to it by Mrs. Maynard, one of these misrepresentations being to the effect that neither she nor her husband, who was listed as an operator on the policy, had any mental or physical impairment. The answer alleges that in fact the husband of Mrs. Maynard was, for practical purposes, blind in one eye, and that this fact was known to the applicant. The insurer further alleged a misrepresentation in that the applicant stated that she had had no insurance cancelled or refused her previously. The answer alleges that shortly before the application was made in the present case, another company had refused to write insurance for this same applicant.

The plaintiffs in the present action filed a motion for judgment on the pleadings or, in the alternative, for a summary judgment, upon the ground that none of the matters referred to in the answer were made a part of the automobile insurance policy, since the application for the policy was not attached to or made a part thereof. Plaintiffs accordingly asserted that these defenses were not available to the insurance carrier, and that the insurer had otherwise failed to state any legally sufficient defense.

Both parties filed memorandum briefs, and on February 19, 1974 the chancellor issued a memorandum opinion, holding that as a matter of law the insurance carrier was liable for the judgment in question. He held that since the application was not made a part of the policy, misrepresentations contained therein were unavailable to the insurance carrier. He conceded that the misrepresentations alleged in the answer were material and that the allegations

of the answer would have to be taken as true for the purposes of the motion. The chancellor awarded summary judgment to the plaintiffs for the amount of the judgment and held that the insurance carrier was also liable for a statutory penalty for bad faith refusal to make payment. The penalty itself was not finally assessed, but the trial court permitted an appeal at this stage of the proceedings, which was duly perfected by the insurance carrier.

It is the opinion of this Court that the chancellor is in error in his conclusions. In the recent case of Milligan v. MFA Mutual Insurance Co., 497 S.W.2d 736 (Tenn.App.W.S.1973) the Court of Appeals for the Western Section held that material misrepresentations made in an application for an automobile insurance policy could be relied upon by the insurance carrier. The court also held that as a matter of law a misstatement regarding the cancellation or refusal to write other insurance amounted to a material misrepresentation within the purview of T.C.A. § 56–1103. The court held that such a misrepresentation, relied upon by the insurance company, renders an automobile liability insurance policy subject to being voided from its inception.

■■ We consider this holding of the Court of Appeals to be a correct statement of the applicable law. An application for a policy of atuomobile liability insurance need not be made a part of the policy, or attached to it, in order for the insurance company to deny coverage based upon misrepresentations contained in such application. Contrary to the insistence of the appellees, we do not construe T.C.A. § 56–1102, which requires that insurance policies contain the entire contract between the parties, to preclude the insurer from relying upon misrepresentations contained in an application. Of course T.C.A. § 56–1111(4) expressly requires an application to be endorsed upon or attached to certain kinds of life insurance policies, but this section is not applicable to automobile liability insurance.

We would further point out that the policy in question, on its face, contains an express recital that during the past three years no insurer had cancelled insurance, issued to the named insured, similar to that afforded by the subject policy. The facts of the case are not sufficiently developed for us to ascertain whether the applicant for insurance had suffered a cancellation, or whether her prior insurance had simply expired. Of course if there had been such a cancellation, contrary to the declaration above referred to, the insurance carrier probably would be entitled to rescind the present policy, apart from consideration of the other misrepresentations alleged to be in the application for insurance.

■ We further hold that the chancellor was in error in holding that the automobile insurance policy in question is subject to the penalty provisions of T.C.A. § 56–1105. It has been held in several cases in this state that a policy of automobile liability insurance is not subject to the terms and provisions of that statute. Tennessee Farmers Mutual Ins. Co. v. Cherry, 213 Tenn. 391, 374 S.W.2d 371 (1964) ; Manns v. Indiana Lumbermen's Mutual Ins. Co., 482 S.W.2d 557 (Tenn.App.W.S.1971).

The action of the trial court in awarding summary judgment or judgment on the pleadings in favor of the appellees is reversed. The cause is remanded to that court for further proceedings consistent with the views herein expressed. Costs of the appeal will be taxed to the appellees.

FONES, C. J., and HENRY, COOPER and BROCK, JJ., concur.