917 F.2d 1305
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles TILLEY and wife; Patricia Tilley, d/b/a Stone
Mountain Tavern & Music Hall, Plaintiffs-Appellants
v.
ADRIATIC INSURANCE COMPANY, Defendant-Appellee
 No. 89-6459.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1990.
 
 Before MERRITT, Chief Judge; and BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 In this diversity case, plaintiffs, the owners of a tavern and music hall, appeal from the grant of summary judgment for defendant, which denied plaintiffs recovery under their fire insurance policy because of material misrepresentations made by plaintiffs in their insurance application. The success of plaintiffs' appeal turns on whether, under Tennessee law, it is necessary for an insurer to attach an application to, or incorporate it within, the policy itself in order for the insurer to void the policy based upon misrepresentations made in the application. Because we hold that Tennessee law does not have such a requirement, we affirm.
 
 
 2
 Defendant Adriatic issued to plaintiffs Mr. and Mrs. Tilley a fire insurance policy covering plaintiffs' tavern and music hall. On June 16, 1988, which fell within the coverage period of the policy, a fire totally destroyed the building and its contents. Plaintiffs timely filed with defendant a statement of loss as required by their policy. Defendant denied plaintiffs' claim, alleging that the policy was void because of misrepresentations made by plaintiffs in their application concerning past loss experience and cancellations of prior insurance policies.
 
 
 3
 Plaintiffs admitted in the lower court proceeding that their application contained false statements. In response to specific questions in the application, plaintiffs failed to enumerate all past insurance losses they had experienced and to reveal that some of their past insurance policies had been cancelled. Under Tennessee law, an insurer may void an insurance policy where an oral or written misrepresentation is made in the application for an insurance policy when the misrepresentation concerns a matter which increases the risk of loss to the insurer. Tenn.Code Ann. Sec. 56-7-103 (1989).[1] The lower court found, and plaintiffs do not challenge on appeal, that these misrepresentations increased the risk of loss within the meaning of the statute.
 
 
 4
 Instead, plaintiffs argue that defendant cannot rely on this statute because defendant failed to attach the application to, or incorporate the application within, the policy given to plaintiffs. They premise their argument on two other statutes, Tenn.Code Ann. Sec. 56-7-102 and Sec. 56-7-301(4).
 
 
 5
 We agree with the District Court that Tenn.Code Ann. Sec. 56-7-103 applies and hence we hold that defendant could void the insurance contract due to plaintiffs' misrepresentations in the policy application. The statutes cited by plaintiffs are inapposite. Tenn.Code Ann. Sec. 56-7-301(4) states that misrepresentations, made in the absence of fraud, cannot serve to void a policy unless the false statement is contained in the written policy, and a copy of the application is endorsed upon or attached to the policy when issued. However, this statute specifically applies to life insurance policies.[2] The other statute cited by the plaintiffs, Tenn.Code Ann. Sec. 56-7-102, sets forth that "[e]very policy of insurance, issued to or for the benefit" of a Tennessee resident must "contain the entire contract of insurance between the parties."
 
 
 6
 These two statutes cannot be construed to defeat Tenn.Code Ann. Sec. 56-7-103 simply because the application in which the misrepresentations were made was not attached to the fire insurance policy given to plaintiffs. This result follows from Medley v. Cimmaron Ins. Co., 514 S.W.2d 426 (Tenn.1974), in which the Tennessee Supreme Court held that an application for an automobile liability insurance policy "need not be made a part of the policy, or attached to it, in order for the insurance company to deny coverage based upon misrepresentations contained in such application." Id. at 428.
 
 
 7
 In Medley, the court rejected the arguments that plaintiffs here make. First, the court refused to construe Tenn.Code Ann. Sec. 56-1102 (predecessor to Sec. 56-7-102) "to preclude the insurer from relying upon misrepresentations contained in an application," where the application was not attached to, or incorporated within, the policy. 514 S.W.2d at 428. Thus, based on this case, we hold that these similarly situated plaintiffs cannot rely on Tenn.Code Ann. Sec. 56-7-102 to defeat application of Tenn.Code Ann. Sec. 56-7-103.
 
 
 8
 Furthermore, relating to plaintiffs' second argument, the Medley court also noted that while Tenn.Code Ann. Sec. 56-111(4) (predecessor to Sec. 56-7-301(4)) "expressly requires an application to be endorsed upon or attached to certain kinds of life insurance policies," the section is not applicable to automobile insurance policies. Id. While no Tennessee court has ever specifically stated that Tenn.Code Ann. Sec. 56-7-301(4) does not apply to a fire insurance policy, we read Medley to mean that the Tennessee Supreme Court would limit application of Sec. 56-7-301(4) solely to life insurance policies. Such an interpretation most logically follows from a textual reading of the statute.
 
 
 9
 Under Tennessee law, defendant did not have to attach the application to, or endorse the application upon, plaintiffs' fire insurance policy in order to void the policy based upon the uncontested material misrepresentations that plaintiffs made in their application.
 
 
 10
 Accordingly, the judgment below is AFFIRMED.
 
 
 
 [1]
 Tenn.Code Ann. Sec. 56-7-103 (1989) provides, in relevant part, that
 [n]o written or oral misrepresentation or warranty ... made ... in the application [for a policy of insurance], by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.
 
 
 [2]
 In relevant part, Tenn.Code Ann. Sec. 56-7-301 provides:
 No policy of life insurance shall be issued in this state ... unless the same shall contain the following provisions:
 (4) Statements Are Representations and Not Warranties in Absence of Fraud; Written Application Made Part of Policy. A provision, except in industrial policies, that all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and that no such statement shall void the policy unless it is contained in a written application, and a copy of such application shall be endorsed upon or attached to the policy when issued....