BURTON v WOLVERINE MUTUAL INSURANCE COMPANY

Docket No. 164094. Submitted September 12, 1995, at Grand Rapids. Decided September 22, 1995, at 9:05 A.M.

Piere and Paula Burton brought an action in the 61st District Court against Wolverine Mutual Insurance Company, seeking payment of a collision claim under an automobile insurance policy issued by the defendant that covered the vehicle that Paula Burton was driving when she was involved in an accident. At the time that Piere Burton secured the policy, he misrepresented his driving record. The defendant discovered the misrepresentation and, before the occurrence of the accident, sent a cancellation notice that indicated that coverage would be canceled approximately three weeks later. The accident occurred before the date of the cancellation. On being notified of the accident, the defendant notified the plaintiffs that it was rescinding the policy ab initio and returned the remainder of the premium that had not been returned along with the cancellation notice. The district court, Carol S. Irons, J., granted summary disposition for the defendant. The plaintiffs appealed, and the Kent Circuit Court, Donald A. Johnston, J., reversed the decision of the district court. On remand, the district court, Paul J. Sullivan, J., on stipulated facts, ruled in favor of the plaintiffs. The defendant appealed, and the Kent Circuit Court, Dennis C. Kolenda, J., affirmed, holding that it was bound by the law of the case. The defendant appealed by leave granted.

The Court of Appeals *held:*

Although the defendant was entitled on discovery of the misrepresentation to choose to rescind the policy and return the entire premium or to cancel the policy on some future date and retain the premium for the period that the policy remained in force, it was not entitled to choose to cancel the policy as of some future date and retain the appropriate premium and then later choose to rescind the policy ab initio on learning that the

REFERENCES

Am Jur 2d, Insurance §§ 430, 431.

See ALR Index under Cancellation or Rescission; Insurance and Insurance Companies.

insured incurred a loss. Because the defendant, after learning of the misrepresentation, chose to continue the coverage until a fixed date in the future on which coverage would be canceled, it was obligated to provide coverage until the date of cancellation that it chose and to pay the loss that occurred before the date of cancellation.

Affirmed.

INSURANCE — CANCELLATION — RESCISSION — MISREPRESENTATIONS.

An insurer that on learning of misrepresentations made by an insured in the application for insurance chooses to cancel the policy as of some future date rather than rescinding the policy ab initio may not thereafter rescind the policy ab initio on learning of a loss that occurred during the period between the sending of the notice of cancellation and the date the policy was to be canceled.

*Dilley & Dilley* (by *Nancy L. Dilley*), for the plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for the defendant.

Before: GRIFFIN, P.J., and SAWYER and C. D. CORWIN,* JJ.

SAWYER, J. Defendant appeals by leave granted from a judgment of the district court entered for plaintiffs on their collision claim under an insurance policy issued by defendant. We affirm.

This case concerns an insurer's right to rescind an insurance policy for a misrepresentation made by an insured in the application for insurance following a loss by the insured and following the notice of cancellation by the insurer. This case was tried to the bench in a district court and submitted on stipulated facts. According to the stipulation, on October 14, 1986, plaintiff Piere Burton executed an application for automobile insurance with defendant. On that application, he misrepresented

* Circuit judge, sitting on the Court of Appeals by assignment.

his driving record. This was discovered by defendant, and, on October 27, 1986, defendant sent plaintiffs a notice of cancellation that indicated that coverage would be canceled as of 12:01 A.M. on November 17, 1986. On November 8, 1986, however, plaintiff Paula Burton was involved in an automobile accident, resulting in a collision loss to her vehicle, which was covered under the policy. On November 10, plaintiffs notified their agent of the loss; the agent, in turn, notified defendant. Thereafter, on November 24, 1986, defendant notified plaintiffs that, on the basis of the misrepresentation on the insurance application form, it was rescinding the policy as of its effective date of October 14, 1986. That letter also returned the remainder of the premium.[1]

The district court originally granted summary disposition for defendant. However, that decision was reversed on appeal to the circuit court. An application for leave to appeal to this Court was denied for failure to persuade the Court of a need for immediate appellate review. Thereafter, as noted above, the matter was submitted to the district court on stipulated facts, resulting in a judgment for plaintiffs, due at least in part to the prior circuit court decision. The appeal to the circuit court resulted in an affirmance, the circuit court indicating that it was obligated to do so under the law of the case doctrine. Defendant then pursued this appeal.

Defendant's only argument on appeal is that the

---

[1] Although it is not entirely clear from the stipulated facts, it appears that the letter of rescission sent by defendant's vice president on November 24 indicated that most, but not all, of the previously paid premium had been returned with or shortly after the notice of cancellation. However, $93.26 had been retained and was returned with the notice of rescission. That amount would approximate the pro-rata share of the premium for the period from October 14, when the policy went into effect, until November 17, the effective date of the prior cancellation notice.

courts below erred in entering judgment for plaintiffs because defendant was entitled as a matter of law to rescind coverage ab initio for material misrepresentations of fact in the application for insurance. We have no dispute with the general proposition that an insurer may rescind a policy ab initio because of a material misrepresentation in the application for insurance. *Katinsky v Auto Club Ins Ass'n,* 201 Mich App 167, 170; 505 NW2d 895 (1993); *United Security Ins Co v Comm'r of Ins,* 133 Mich App 38; 348 NW2d 34 (1984).[2]

However, the case at bar does not simply present a case of an insurer exercising its right of rescission. Rather, after discovery of the material misrepresentation in the application, defendant chose, rather than issuing a letter of rescission, to issue a notice of cancellation, effective at some date in the future. Thus, before the accident in the case at bar, defendant discovered the material misrepresentation, chose to cancel (rather than rescind) plaintiffs' policy, and sent a notice of that cancellation before the accident with an effective date that happened to fall after the accident. As noted above, defendant also apparently retained a pro-rata share of the premium to cover the policy period from the onset of the policy until the effective date of cancellation, tendering that portion of the premium only after it chose to exercise rescission following the accident.

In light of defendant's actions in the case at bar, we are persuaded that it has waived its right of rescission in this case. While we certainly do not wish to reward plaintiffs for the misrepresentation in the application for insurance, it was defendant

---

[2] It should be noted that insurers are estopped from asserting rescission with respect to claims by innocent third parties where the policy was in force at the time of the accident and before the exercise of the right of rescission. See *Katinsky, supra* at 171.

who chose the remedy. We would not interfere with defendant's right to rescind the policy ab initio had it chosen to do so upon discovery of the material misrepresentation, regardless of whether that discovery occurred before or after the loss.[3] However, in the case at bar, defendant did discover the misrepresentation before the loss and chose to issue a cancellation rather than a rescission.

In drawing this distinction, it is important to consider the effects of defendant's choice to issue a cancellation. First, defendant induced plaintiffs to believe that they would have insurance until the effective date of the cancellation. Indeed, the cancellation notice specifically informed plaintiffs that their insurance would cease at the hour and date mentioned at the top of the notice, namely, 12:01 A.M. on November 17, 1986, a date approximately three weeks in the future. Thus, plaintiffs had no reason to act immediately to replace their insurance coverage, to cease driving until coverage could be obtained, or to do anything else immediately, as long as they eventually obtained coverage before November 17. Simply put, plaintiffs had no reason necessarily to have obtained replacement coverage at the time of the accident in the case at bar, the notice of cancellation having specifically told them that they would have coverage for more than an additional week after the accident occurred.

---

[3] Generally in rescission cases, the discovery of the misrepresentation occurs after the accident at issue. For example, in *Katinsky, supra,* the rescission was based on a dishonored check, which had been returned approximately a week and a half after the accident. Similarly, in *United Security, supra,* the accident occurred one hour after the issuance of the binder. In *Cunningham v Citizens Ins Co of America,* 133 Mich App 471; 350 NW2d 283 (1984), the plaintiff's misrepresentation of his driving record was discovered the day after the accident. Likewise, in the remaining cases cited by defendant, the discovery of the grounds for rescission occurred after the insurer learned of the loss.

Second, defendant proposed to earn and keep a premium for the period in question. The notice of cancellation specifically stated that if a premium had been paid, a premium adjustment would be made after the cancellation became effective. It then states that if the premium had not been paid, plaintiffs would be billed for the premium earned to the time of cancellation.[4]

Indeed, even had plaintiffs acted promptly to obtain coverage, it is unlikely that either they or their insurance agent would have requested that the coverage become effective before November 17. That is the date the cancellation notice said their existing coverage would cease and the date through which they had apparently paid a premium.

Clearly, defendant's intent upon learning of plaintiffs' misrepresentation on the application for insurance was, while to decline the risk over the long term, to cover the risk until November 17, 1986, and to retain a premium earned for that period. That is, there is nothing in the record to suggest that had this accident never occurred defendant would not have allowed the policy to remain in effect until November 17, 1986, and retained a premium for the period from the effective date of the policy of October 14 until the effective date of cancellation, November 17.

The remedy that defendant seeks is untenable. Defendant wishes, upon the discovery of a misrepresentation in the application, to have the right·to collect a premium and provide coverage as long as

[4] As noted above, apparently plaintiffs had made at least a partial payment on the premium, and, while a portion of the payment had been refunded, defendant apparently retained the earned portion of the premium for the period from the effective date of the policy to the effective date of the cancellation notice, tendering the remainder of that premium only after it chose to exercise the rescission option following the notice of loss.

there are no losses and yet remain entitled to choose rescission and deny coverage if a loss occurs. In short, defendant wishes to be able to earn a premium without having to provide coverage. That, however desirable it may be to defendant, is not an available option. Rather, it must either rescind the policy upon discovery of the misrepresentation and refund the premium or cancel the policy, retaining the premium earned until the effective date of the cancellation and provide coverage until the effective date of the cancellation. But it cannot have its premium and deny coverage too.

In sum, defendant was entitled upon discovery of the misrepresentation to rescind the policy issued to plaintiffs. Instead, it chose to continue coverage for approximately three weeks longer and to retain a premium for that period. Having chosen to do so, defendant was obligated to provide coverage for that period and to pay the loss that happened to have occurred.

Affirmed. Plaintiffs may tax costs.