# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**September 17, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

ED REEVES, d/b/a      )
ED'S IMPORTS,      )
     )
     Plaintiff/Appellee,      )    Grundy Chancery
     )    No. 4708
VS.      )
     )    Appeal No.
GRANITE STATE INSURANCE      )    01A01-9807-CH-00379
COMPANY,      )
     )
     Defendant/Appellant.      )

## DISSENTING OPINION

This appeal calls into question a loss payee's right to receive the proceeds of an insurance policy even though the insurer cancelled the policy after discovering that the insured made material misrepresentations in obtaining the policy. The court has determined that the cancellation of the policy, while effective with regard to the insured, does not affect the loss payee's claim. I disagree. The policy expressly reserves the insurer's right to cancel the policy and also provides that the cancellation will defeat the loss payee's interest in the policy.

The policy provision at the heart of this dispute states:

> Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations or in this endorsement. This insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of "your covered auto." However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

There can be little dispute that this provision is a "standard" or "union" clause and, therefore, that it creates an independent contract between Granite State Insurance Company ("Granite State") and Ed Reeves, the loss payee. *See Union Planters Nat'l Bank v. American Home Assurance Co.*, 865 S.W.2d 907, 911 (Tenn. Ct. App. 1993).

However, the "independent contract" principle should not be applied so literally that it excludes the other provisions of the insurance policy. A loss payee claiming under a standard clause asserts its rights subject to all the terms and conditions of the insurance contract except those expressly waived by the insurer in the standard clause itself. *See* 4 Lee R. Russ & Thomas F. Segella, *Couch on Insurance* § 65:46 (3d ed. 1995).

The court has apparently concluded that Granite State may cancel the insurance contract with regard to Mr. Nance, the insured, because he obtained the policy by misrepresenting that he had not been convicted of any offense other than traffic violations when, in fact, he had been convicted of the felonious possession of marijuana. However, the court has decided that Granite State cannot cancel the separate insurance contract imposed by law for Mr. Reeves's benefit because it agreed that the insurance would not become invalid with respect to Mr. Reeves unless the loss resulted from Mr. Nance's conversion, secretion, or embezzlement of the covered vehicle.

The court's construction overlooks the next sentence of the standard clause in which Granite State explicitly reserves the right to cancel the policy in a way that terminates Mr. Reeves's interest. It also overlooks Granite State's right under Tenn. Code Ann. § 56-7-103 (1994) to declare the policy void ab initio because of Mr. Nance's misrepresentations. *See Medley v. Cimmaron Ins. Co.*, 514 S.W.2d 426, 428 (Tenn. 1974); *Bland v. Allstate Ins. Co.*, 944 S.W.2d 372, 375 (Tenn. Ct. App. 1996); *Milligan v. MFA Mut. Ins. Co.*, 497 S.W.2d 736, 739 (Tenn. Ct. App. 1973). The right to cancel or rescind the policy, whether derived from the statute or the insurance contract, exists even when the insurer does not discover the misrepresentation until after the loss has occurred. *See Burton v. Wolverine Mut. Ins. Co.*, 540 N.W.2d 480, 482 (Mich. Ct. App. 1995) (holding that an insurer may rescind a policy ab initio upon discovering a material misrepresentation regardless of whether the discovery occurs before or after the loss).

Mr. Reeves's right to the insurance proceeds is governed by all the terms of the policy except those expressly waived by Granite State. The policy's termination

provision authorizes Granite State to rescind or cancel the policy "if the policy was obtained through material misrepresentation." Granite State did not expressly waive its right to cancel the policy; to the contrary, it expressly reserved its right to terminate Mr. Reeves's interest. Accordingly, based on the policy's language and Tenn. Code Ann. § 56-7-103, I would hold that the cancellation of the policy in accordance with its terms defeats Mr. Reeves's claim against Granite State.

_____
WILLIAM C. KOCH, JR., JUDGE