# STATE OF MICHIGAN

# COURT OF APPEALS

---

TIFFANY LYNN DEWLEY,

        Plaintiff,

and

BEAUMONT HEALTH SYSTEM,

        Intervening Plaintiff-Appellant,

v

PIONEER STATE MUTUAL INSURANCE
COMPANY,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

ROBERT WOODYARD,

        Third-Party Defendant.

UNPUBLISHED
October 25, 2016

No. 324751
Genesee Circuit Court
LC No. 13-101627-NF

---

TIFFANY LYNN DEWLEY,

        Plaintiff-Appellant,

and

BEAUMONT HEALTH SYSTEM,

        Intervening Plaintiff-Appellee,

v

PIONEER STATE MUTUAL INSURANCE
COMPANY,

No. 324828
Genesee Circuit Court
LC No. 13-101627-NF

Defendant/Third-Party Plaintiff-
Appellee,

and

ROBERT WOODYARD,

Third-Party Defendant-Appellant.

Before: BORRELLO, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

In this action to recover first-party personal injury protection (PIP) no-fault benefits, intervening plaintiff Beaumont Health System (Beaumont) appeals as of right in Docket No. 324751, and plaintiff Tiffany Dewley and third-party defendant Robert Woodyard (Woodyard) appeal by right in Docket No. 324828, each challenging the trial court's judgment entered after a bench trial allowing defendant Pioneer State Mutual Insurance Company (Pioneer) to rescind a no-fault policy issued to Woodyard and thereby avoid liability for payment of no-fault benefits to Beaumont and Dewley. We affirm.

Woodyard and Dewley lived together from approximately 2008 until 2013. After Dewley's vehicle became unreliable, Woodyard allowed her to drive his Saturn Vue, which was insured by Pioneer. However, Dewley's name was never added to Woodyard's policy as an additional driver residing in the same household. In 2013, Dewley was seriously injured in an automobile accident while driving Woodyard's vehicle. After Pioneer discovered that Dewley's driving record would have made her ineligible for coverage under its policy, it denied Dewley's claim for no-fault benefits and rescinded the policy based on fraud. Dewley thereafter filed this action against Pioneer, seeking recovery of PIP benefits and a declaratory judgment that she was entitled to coverage under Pioneer's policy. Pioneer filed a third-party complaint against Woodyard. Intervening plaintiff Beaumont was added as a party, seeking reimbursement for medical services it provided to Dewley arising from injuries she received in the accident.

The trial court agreed to bifurcate the proceedings and decide first whether Pioneer was entitled to rescind the policy based on fraud. If the policy could not be rescinded, then the court would decide Dewley's and Beaumont's claims for benefits. Following a bench trial, the trial court found sufficient evidence of fraud to allow Pioneer to rescind the policy. The court thereafter entered a judgment rescinding the policy and ordering Pioneer to refund all premiums paid by Woodyard.

## I. SILENT FRAUD

Appellants first argue that the trial court erred in finding that silent fraud was established to allow Pioneer to rescind its no-fault policy issued to Woodyard. This Court reviews a trial court's factual findings at a bench trial for clear error. MCR 2.613(C); *Trahey v City of Inkster*, 311 Mich App 582, 593; 876 NW2d 582 (2015). The trial court's conclusions of law are

-2-

reviewed de novo. *Id*. A finding is clearly erroneous when there is no evidentiary support for it or if this Court is left with a definite and firm conviction that a mistake has been made. *Id*. Regard is given to the trial court's special opportunity to judge the credibility of the witnesses who appeared before it. MCR 2.613(C); *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 99; 535 NW2d 529 (1995).

Actionable fraud, also known as fraudulent misrepresentation, innocent misrepresentation, and silent fraud are among the rubric of fraud doctrines that allow a party to rescind a contract that is obtained as a result of fraud. *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012). The parties disagree on whether the trial court's decision was limited to a finding of silent fraud, or whether the court also found that active fraud was established. After reciting its findings of fact, the trial court stated:

> Tiffany Dewley and Robert Woodyard failed to inform Pioneer Mutual of her residency and driving the Woodyard vehicle. The court declares that act to be silent misrepresentation and/or fraud sufficient to allow Pioneer State Mutual Insurance Company to enter a judgment rescinding its policy and reimbursing all premiums.

This statement indicates that the basis for the trial court's finding of fraud was a "fail[ure] to inform," which constitutes silent fraud.

In *Titan Ins Co*, 491 Mich at 557, our Supreme Court explained:

Silent fraud has also long been recognized in Michigan. This doctrine holds that when there is a legal or equitable duty of disclosure, "[a] fraud arising from the suppression of the truth is as prejudicial as that which springs from the assertion of a falsehood, and courts have not hesitated to sustain recoveries where the truth has been suppressed with the intent to defraud." *Tompkins v Hollister*, 60 Mich 470, 483; 27 NW 651 (1886) (citations omitted) . . . .

Contrary to appellants' argument, the facts found by the trial court support its conclusion that silent fraud was established with respect to Woodyard. Woodyard conceded that the information regarding his policy was not up to date when it was renewed, and that he failed to inform Pioneer that Dewley was an additional driver in his household. There also was no dispute that Dewley, because of her poor driving record, would not have been eligible for coverage under Pioneer's underwriting guidelines.

Appellants argue that silent fraud was not established because Woodyard did not have a duty to disclose information about Dewley to Pioneer. We disagree. Under the terms of the policy, an insured was obligated to review the information provided to Pioneer, both at the time of the initial application and each time the policy was renewed, to determine if the information was accurate or required updating. In addition, the evidence indicated that Woodyard was advised of the necessity of updating his insurance information when there were changes, and that he understood that all drivers in a household needed to be identified in order to receive coverage. Pioneer required its agents to always ask about additional drivers whenever policies are changed, and the evidence disclosed that Woodyard made changes to his policy when he added new

vehicles, but did not disclose that Dewley was an additional driver in his household. Even if Woodyard might not have understood his duty to voluntarily disclose additional drivers from the terms of his policy, the evidence that agents are required to make inquiries about additional drivers when an insured contacts the agency about coverage or coverage changes under the policy, and that Woodyard had several such contacts with agents without disclosing that Dewley was an additional driver in his household, was sufficient for the court to find that Woodyard had a duty to convey that information to Pioneer. Indeed, Woodyard admitted that he understood that additional drivers require separate coverage when he contacted the agency about his daughter obtaining coverage under her boyfriend's policy. Therefore, the trial court did not clearly err in finding that Woodyard had a duty to disclose that Dewley was using his vehicle on a regular basis as a member of his household, and that the failure to disclose that information, which would have caused Pioneer to cancel the policy given Dewley's poor driving record, was sufficient to establish silent fraud.

Although Pioneer asserts that the trial court's findings also establish active fraud, it is not necessary to address that question because the trial court did not err in finding that silent fraud was established, and that alone is sufficient to support Pioneer's right to rescind the policy. *Titan*, 491 Mich at 555.

## II. DEWLEY'S ACTIONS AND STATUS AS AN INNOCENT THIRD PARTY

Appellants argue that the trial court erred in finding that Dewley also committed an act of fraud by failing to disclose to Pioneer her residency and identity as a regular driver of Woodyard's vehicle. We agree that the trial court erred in finding that Dewley owed a duty of disclosure directly to Pioneer, but conclude that the error is harmless.

Dewley was not the policyholder and, therefore, had no legal obligation of disclosure arising from the policy. In addition, there was no evidence that Dewley was ever a party to any discussions or inquiries from Pioneer or its agents from which a duty to disclose might arise. Under these circumstances, there is no basis for finding that Dewley had a duty to disclose on which a claim for silent fraud may be based. Therefore, the trial court erred to the extent that it found that silent fraud could be established on the basis of Dewley's silence. The error, however, is harmless because it does not affect the trial court's ruling that Pioneer could rescind the policy on the basis of fraud by its insured, Woodyard. MCR 2.613(A) ("[a]n error . . . in a ruling or order . . . is not ground for granting a new trial, . . . or . . . disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice").

Furthermore, the trial court's findings related to Dewley are more appropriately focused on whether she may be considered an innocent third party. The trial court expressly found that Dewley was not an innocent third party. Dewley's status as an innocent third party, however, is not material to Pioneer's entitlement to rescind its policy to avoid liability for PIP benefits on behalf of Dewley.

Previously, as recognized in *Farmers Ins Exch v Anderson*, 206 Mich App 214, 218; 520 NW2d 686 (2008), overruled in part on other grounds in *Titan*, 491 Mich at 551 n 1, an insurer's right to rescind a policy on the basis of fraud ceased to exist once there is a claim involving an innocent third party. In *Titan*, 491 Mich at 571, the Supreme Court held "than an insurer is not

precluded from availing itself of traditional legal and equitable remedies to avoid liability under an insurance policy on the ground of fraud in the application for insurance, even when the fraud was easily ascertainable and the claimant is a third party." In *Bazzi v Sentinel Ins Co*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 320518), this Court recently addressed the continued viability of the innocent third-party rule, as applied to mandatory no-fault benefits, following our Supreme Court's decision in *Titan*. In *Bazzi*, the majority concluded:

> Resolution of this case begins and ultimately ends with our Supreme Court's decision in *Titan*. Although *Titan* did not involve a no-fault insurance claim for PIP benefits, we nonetheless are convinced that *Titan* compels the conclusion that there is no innocent third-party rule as to a claim for those benefits. That is, if an insurer is entitled to rescind a no-fault insurance policy based upon a claim of fraud, it is not obligated to pay benefits under that policy even for PIP benefits to a third party innocent of the fraud. [*Id.* at ___; slip op at 3.]

Although the majority in *Bazzi* acknowledged that *Titan* did not involve mandatory no-fault benefits, it observed that *Titan* recognized an insurer's right to assert common-law defenses to avoid enforcement of an insurance contract, "unless those defenses are prohibited by statute." *Bazzi*, ___ Mich App at ___; slip op at 5, quoting *Titan*, 491 Mich at 554. Finding nothing in the no-fault act that restricts the use of a defense of fraud with respect to PIP benefits, the majority reasoned that the holding in *Titan* therefore extends to mandatory no-fault benefits, thereby overruling the innocent third-party rule. *Bazzi*, ___ Mich App at ___; slip op at 5. The Court in *Bazzi* also rejected appellants' arguments that the financial responsibility act, MCL 257.520, precludes an insurer from rescinding a policy on the basis of fraud with respect to mandatory PIP benefits to an innocent third party. *Bazzi*, ___ Mich App at ___; slip op at 6-8. Accordingly, in light of this Court's decision in *Bazzi*, Dewley's status as an innocent third party is no longer legally relevant.

In sum, because Woodyard's fraud alone entitles Pioneer to rescind the policy, and the innocent third-party doctrine is no longer applicable, any error by the trial court in finding that Dewley violated a duty of disclosure to Pioneer does not require reversal.

## IV. RESCISSION

Appellants lastly argue that Pioneer waived its right to rescind the policy because it continued Woodyard's policy after sending notice of the rescission, yet it retained all the premiums and did not add Dewley to the policy.

Waiver is a mixed question of law and fact. "The definition of a waiver is a question of law, but whether the facts of a particular case constitute a waiver is a question of fact." *Sweebe v Sweebe*, 474 Mich 151, 154; 712 NW2d 708 (2006). We review the trial court's factual findings for clear error, and the court's legal conclusions are reviewed de novo. MCR 2.613(C); *Trahey*, 311 Mich App at 593.

Rescission is distinct from cancellation. As this Court observed in *United Security Ins Co v Comm'r of Ins*, 133 Mich App 38, 42; 348 NW2d 34 (1984), quoting 8B Appleman,

Insurance Law and Practice, § 5011, p 403, "[w]hen a policy is cancelled, it is terminated as of the cancellation date and is effective up to such date; however, when a policy is rescinded, it is considered void ab initio and is considered never to have existed." See also *Lash v Allstate Ins Co*, 210 Mich App 98, 102; 532 NW2d 869 (1995) (rescission annuls a contract and restores the parties to the relative positions that they would have occupied had there been no contract). Common law contractual remedies of cancellation, rescission, or reformation may be limited by pertinent statutory requirements. See *Titan*, 491 Mich at 558.

A waiver is the intentional relinquishment of a known right, and it may be shown by either "express declarations or by declarations that manifest the parties' intent and purpose." *Sweebe*, 474 Mich at 156-157. In its decision, the trial court rejected appellants' waiver argument, stating:

> Finally, it is argued that Pioneer waived its rights by failing to reimburse and continuing to collect premiums. However, given the fact that the whole matter was subject to court jurisdiction, it was proper [for] Pioneer [to] wait for a declaratory judgment.

Appellants' reliance on *Burton v Wolverine Mut Ins Co*, 213 Mich App 514; 540 NW2d 480 (1995), in support of their waiver argument is misplaced. In *Burton*, the insurer elected to cancel a policy and retained the insurance premiums after discovering that the insured had misrepresented his driving record on his original application. *Id*. at 515-516. Before the cancellation date set by the insurer arrived, another insured under the policy was injured in an accident and that claim was covered by the policy, which was still in effect. About a week after the date the policy was to be cancelled, the insurer notified the insureds that the policy was being rescinded as of its effective date. The remainder of the premium was also returned to the policyholder. *Id*. This Court held that the insurer was not entitled to rescind the policy after it had already elected to cancel the policy. Allowing the insurer to change course would adversely impact the insureds because they had no notice to obtain replacement insurance coverage, and they relied on the notice they were given that they had three weeks of continuing coverage. *Id*. at 518. Essentially, *Burton* holds that once an insurer discovers fraud and elects a remedy for that fraud, it is bound to that relief.

This case is distinguishable from *Burton* because Pioneer never first elected to only cancel the policy upon becoming aware of the fraud. Rather, Pioneer was consistent about seeking rescission of the policy from the outset, once the fraud was discovered. It withheld refunding the premiums only because an action was filed to determine the parties' rights and responsibilities. Pioneer's retention of the premiums while the case remained pending was not inconsistent with its election to seek rescission of the policy.

We affirm.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Riordan