# STATE OF MICHIGAN

# COURT OF APPEALS

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Plaintiff/Counter Defendant-
        Appellant/Cross-Appellee,

v

ACE AMERICAN INSURANCE COMPANY,

        Defendant/Cross-Defendant-
        Appellee/Cross-Appellant,

and

MARK RUECKERT and MARYAN PETOSKEY,

        Defendants-Appellees/Cross-
        Appellees,

and

ROBYNN RUECKERT,

        Defendant-Counter Plaintiff-Cross-
        Plaintiff/Appellee/Cross-Appellee,

UNPUBLISHED
January 19, 2017

No. 329585
Kent Circuit Court
LC No. 13-010616-CK

ACE AMERICAN INSURANCE COMPANY,

        Plaintiff-Appellee/Cross-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellant/Cross-
        Appellee.

No. 329614
Kent Circuit Court
LC No. 15-000605-CK

Before: MURPHY, P.J., and METER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff, Farm Bureau General Insurance Company of Michigan (Farm Bureau), appeals as of right the order of the Kent Circuit Court, granting summary disposition in favor of defendant, Ace American Insurance Company (Ace). Ace cross-appeals that same order to present an alternative ground for affirmance.[1] We reverse and remand.

On May 22, 2013, pedestrian Robynn Rueckert was struck and injured by a truck insured by Ace. Earlier that year, Robynn's husband, Mark, and her daughter, Maryan Petoskey, had been named insured on an insurance policy with Farm Bureau. A month prior to the accident, Farm Bureau informed Mark and Petoskey that it was cancelling the policy, effective May 25, 2013, because of incomplete information on the policy application. The accident occurred prior to the effective date of the cancellation, and Robynn submitted a claim for no-fault personal injury protection (PIP) benefits. However, Farm Bureau subsequently concluded that the insurance policy application contained material misrepresentations, and as a result, rescinded the policy from its inception date. The instant declaratory action concerns whether Farm Bureau or Ace is the priority insurer. In summary, Farm Bureau and Ace dispute whether there were in fact any material misrepresentations on the application, whether Farm Bureau's initial cancellation of the policy precluded it from subsequently rescinding it, and whether Robynn is an innocent third party against whom the rescission cannot apply.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Id*. at 120. We also review de novo as a question of law the trial court's interpretation of a contract. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003).

The discovery of "a material misrepresentation in the application for insurance" generally entitles an insurer to rescind a policy, even if the discovery takes place after the loss. *Burton v Wolverine Mut Ins Co*, 213 Mich App 514, 517-518; 540 NW2d 480 (1995). However, if the insurer instead cancels the policy upon discovering the misrepresentation, the insurer may not then also rescind it. *Id*. at 517-520. Nevertheless, the insurer cannot be estopped from doing so on the basis of facts of which the insurer was actually unaware, even if those facts could have been easily ascertained. *Titan Ins Co v Hyten*, 491 Mich 547, 562-571; 817 NW2d 562 (2012). Both the missing information and the misrepresentations concerned Robynn, or, specifically, the spouse of an applicant.

---

[1] Ace was not required to file a cross-appeal to do so. See *Vanslembrouch v Halperin*, 277 Mich App 558, 565; 747 NW2d 311 (2008).

Significantly, in the former case, the application indicated that Mark was married but omitted basic information like his spouse's name, date of birth, and so on. Thus, the cancellation was not due to any misrepresentation at all, but rather a simple failure to provide any information. In contrast, the later discovery was that the application *also* contained *incorrect* information; for example, stating that all drivers in the household had a valid Michigan driver's license, denying that any driver had been convicted in the past 36 months of operating a motor vehicle while intoxicated or impaired, and denying that either an applicant or a member of the household drove or moved any vehicle owned by the applicant which had not had all the required insurance in force for the previous six months. In fact, Robynn's license was suspended, she had convictions for both operating a vehicle while intoxicated and operating under the influence of liquor, and Robynn had been ticketed a week before the application at issue for driving a Trailblazer leased by Mark with a suspended license and after the insurance policy on that Trailblazer had itself been rescinded.

Had Farm Bureau initially discovered the misrepresentations and cancelled the policy as a result, it would not have been permitted to subsequently decide to rescind it instead. However, Farm Bureau acted within its rights to respond differently to two completely distinct discoveries. Put another way, cancelling the policy did not preclude subsequently rescinding the policy *on a different basis that was unknown at the time of the cancellation*. The trial court apparently concluded that Farm Bureau subsequently decided that it should have rescinded the policy instead of cancelling it, when in fact Farm Bureau rescinded the policy *in addition to* cancelling it. Case law establishes that Farm Bureau may do so.

Ace argues that in the alternative, Robynn is an innocent third party and, because there was no serious dispute that she was uninvolved in the policy application process, Farm Bureau may not rescind the policy as to her. As Ace recognized in its reply brief, after it submitted its cross-appeal brief, this Court decided *Bazzi v Sentinel Ins Co*, __ Mich App __; __ NW2d __ (2016) (Docket No. 320518). In that case, this Court held that the "innocent third-party rule" no longer exists in Michigan. An application for leave to appeal to our Supreme Court has been filed in that case, and certainly Ace has preserved its argument in the event it is reversed. However, in the meantime, we are constrained to follow *Bazzi* and to reject Ace's alternative argument. MCR 7.215(C)(2).[2]

Farm Bureau further argues that this Court should hold that it is entitled to summary disposition as a matter of law because the evidence shows no question of material fact that it was entitled to rescind the policy based on the material misrepresentations in the application.

_____

[2] Judges MURPHY and RONAYNE KRAUSE concur that we are bound by *Bazzi*, but both believe that *Bazzi* was wrongly decided. Judge MURPHY expressed his reasoning in his concurring opinion in *State Farm Mut Auto Ins Co v Mich Muni Risk Mgt Auth (on Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 319710), slip op at 5-7. Judge RONAYNE KRAUSE expressed her reasoning in her lead opinion in *Southeast Mich Surgical Hosp, LLC v Allstate Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 323425), slip op at 5-6. Leave to appeal to our Supreme Court is pending in both cases.

"Although this issue was not decided below, a party should not be punished for the omission of the trial court." *Klooster v City of Charlevoix*, 488 Mich 289, 310; 795 NW2d 578 (2011) (quotation omitted). An issue is preserved for appeal if it was raised in the trial court, irrespective of whether the trial court decided it. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994).

We find room for disagreement whether Robynn could or should be considered a "driver" within the meaning of the policy application. However, one of the questions—that the application stated would make the applicant ineligible if answered affirmatively—pertained to a driver *or any other member of the household*, which indisputably includes Robynn and equally indisputably should have been answered affirmatively but was not.[3] Ace makes a persuasive case that there is doubt whether Mark and Petoskey engaged in *intentional* fraud. However, "actionable fraud" is not the only kind of "fraud or misrepresentation" that would entitle a party to rescind a contract if the contract had been procured thereby. *Titan*, 491 Mich at 555-558. Innocent misrepresentation has no scienter element, but rather requires "that the misrepresentation be made in connection with making a contract and the injury suffered by the victim must inure to the benefit of the misrepresenter." *Id*. at 556-557 n 5 (quotation omitted). The above misrepresentation was clearly made in connection with making the contract, and we agree with Farm Bureau that it was harmed by being exposed to a risk to which it did not agree while Mark and Petoskey[4] received insurance benefits to which they were not entitled.

We are also unpersuaded by Ace's arguments to the effect that any misrepresentations were technically made by Farm Bureau's agent rather than by Mark or Petoskey. Even if Mark struggled to read the application, Petoskey testified that she did not have any trouble reading, she simply did not read the application before signing. "A contracting party has a duty to examine a contract and know what the party has signed, and the other contracting party cannot be made to suffer for neglect of that duty." *Montgomery v Fidelity & Guaranty Life Ins Co*, 269 Mich App 126, 130; 713 NW2d 801 (2005). Both of them signed the application after having had the opportunity to read and review it, which constitutes making any representations or misrepresentations therein. *Id*. at 129-130.

"[A] fact or representation in an application is 'material' where communication of it would have had the effect of 'substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium.'" *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 253-254; 632 NW2d 126 (2001) (quotation marks and citation omitted). We note that the application unambiguously stated that Mark and Petoskey

---

[3] Specifically, as discussed above, the question was, "Has the applicant *or a member of the applicant's household* driven or moved any vehicle owned by the applicant which had not had the required insurance in force in the preceding six months?" (emphasis added).

[4] Because Robynn was not involved in the application process, she was not a "misrepresenter," so whether *she* received any benefit at Farm Bureau's expense does not have any bearing on whether innocent misrepresentation occurred except to the extent Mark and Petoskey incidentally benefitted from Robynn receiving benefits.

would have been ineligible for insurance had the answer been answered accurately. In addition, "[r]ecission is justified . . . if a party relies upon the misstatement," regardless of whether the misrepresentation was innocent or intentional. *Lash v Allstate Ins Co*, 210 Mich App 98, 103; 532 NW2d 869 (1995); *21st Century Premier Ins Co v Zufelt*, __ Mich App __; __ NW2d __ (2016) (Docket No. 325657); slip op at 5. The Farm Bureau investigator testified in his deposition that he believed that the misrepresentations affected whether Farm Bureau would have issued the policy. The record does not contain any true contradiction to this statement.

Therefore, we conclude that there is no genuine question of fact that Mark and Petoskey made a material misrepresentation on the insurance policy application that entitled Farm Bureau to rescind the policy, and on the facts of this case, Farm Bureau's earlier cancellation of the policy on a different basis did not preclude it from the subsequent rescission upon discovery of the misrepresentation. We therefore reverse the trial court's grant of summary disposition in favor of Ace and remand for entry of summary disposition in favor of Farm Bureau. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Amy Ronayne Krause