RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 26a0049p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

ELIZABETH FERGUSON,

        *Plaintiff-Appellant*,

    *v.*

METLIFE INVESTORS USA INSURANCE COMPANY, aka
Brighthouse Life Insurance Company,

        *Defendant-Appellee*.

No. 25-1380

─────────────────

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:22-cv-12772—Linda V. Parker, District Judge.

Argued:  December 10, 2025

Decided and Filed:  February 20, 2026

Before:  GRIFFIN, THAPAR, and HERMANDORFER, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ARGUED:** Adam B. Kutinsky, KUTINSKY, PLLC, Birmingham, Michigan, for Appellant.
Mark D. Taticchi, FAEGRE DRINKER BIDDLE & REATH LLP, Philadelphia, Pennsylvania,
for Appellee.  **ON BRIEF:** Adam B. Kutinsky, Sarah Beth Wykoff, KUTINSKY, PLLC,
Birmingham, Michigan, for Appellant.  Moheeb H. Murray, BUSH SEYFERTH PLLC, Troy,
Michigan, for Appellee.

─────────────────

## OPINION

─────────────────

GRIFFIN, Circuit Judge.

Under Michigan law, an insurer may rescind a life-insurance policy if the applicant
makes a material misrepresentation when applying for coverage.  Ewanda Ferguson (Ewanda)

materially misrepresented her driving history when applying for life insurance through defendant MetLife Investors USA Insurance Company a/k/a Brighthouse Life Insurance Company (Brighthouse).  Brighthouse therefore rescinded the policy and refused to pay any death benefit to plaintiff Elizabeth Ferguson (Ferguson), the beneficiary under the policy.  Ferguson sued, asserting that she was an "innocent third party" under Michigan law and, thus, entitled to equitable balancing before the policy could be rescinded.  The district court disagreed, ordered rescission, and granted summary judgment in favor of Brighthouse.  We affirm.

I.

A.

Brighthouse issued a life-insurance policy to Ewanda worth $1 million.  The policy lapsed for nonpayment of premiums.  But Ewanda was entitled to reinstatement of coverage if she provided, among other things, evidence of insurability satisfactory to Brighthouse.

To this end, Ewanda completed a reinstatement application in January 2020.  It contained a question asking whether she had had her "driver's license suspended or revoked due to driving violations, or been convicted of DUI/DWI" within "the last 10 years."  Ewanda answered "No." The reinstatement application also contained the following provision:

> By signing this application . . . I understand and agree to the following statement[]:
>
> • If any of the statements or information provided in this application . . . are false or incomplete:
>
>   a) A claim for benefits under the Policy may be contested for up to two years from the date the Policy was reinstated;
>
>   b) The Policy may be rescinded and if so . . . no benefits will be paid to any Beneficiary.

Ewanda signed the reinstatement application.

In May 2020, Ewanda died in an automobile accident.  Brighthouse reinstated the policy, posthumously.  And Ferguson made a claim shortly thereafter, as the beneficiary under the policy.

Because Ewanda died within the two-year contestability period, Brighthouse reviewed the representations she had made in her reinstatement application before paying out any death benefit.  A search of Ewanda's driving history revealed that she had twice been convicted of operating while impaired, in October 2018 and January 2019.  Additionally, her driver's license had been revoked in February 2019.

Based on this information, Brighthouse concluded that "there is material information that Ms. Ferguson did not admit on her reinstatement application" and that it "would not have reinstated this policy" had it known Ewanda's true driving history.  Brighthouse thus informed Ferguson in July 2021 that it considered Ewanda's life-insurance policy "void from the date of reinstatement" and would not pay any death benefit.

B.

In October 2022, Ferguson sued in state court, alleging that Brighthouse was in breach of contract.  After removing the action to federal court, Brighthouse counterclaimed to confirm that its rescission of the policy was proper.  Brighthouse then moved for summary judgment. Ferguson opposed, arguing that the district court had to balance the equities before it could allow rescission of the policy because she was an innocent third party under Michigan law. Brighthouse responded, arguing that the terms of the contract expressly allowed rescission and that Ferguson was the intended beneficiary of the life-insurance policy, not an innocent third party.

The district court ordered rescission of the life-insurance policy without balancing the equities and granted summary judgment in favor of Brighthouse.  Ferguson timely appealed.

II.

We review a district court's grant of summary judgment de novo.  *Parker v. Winwood*, 938 F.3d 833, 836 (6th Cir. 2019).  Summary judgment is appropriate if no genuine dispute as to any material fact remains and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  We may affirm "on any basis supported by the record."  *Susan B. Anthony List v. Driehaus*, 779 F.3d 628, 631–32 (6th Cir. 2015) (citation modified).

III.

A.

Mich. Comp. Laws § 500.2218 governs the conditions under which a life-insurance policy may be rescinded on the basis of misrepresentation. *Oade v. Jackson Nat'l Life Ins. Co. of Mich.*, 632 N.W.2d 126, 129–30 (Mich. 2001); *see also United of Omaha Life Ins. Co. v. Rex Roto Corp.*, 126 F.3d 785, 788 (6th Cir. 1997). Section 500.2218 provides that an insurer may "avoid any contract of insurance" when "the applicant for insurance" falsely represents facts to the insurer and those "misrepresented" facts "would have led to a refusal by the insurer to make the contract." In other words, when an applicant misrepresents facts when applying for life insurance and the insurer would not have issued the policy had it known the true facts, those misrepresentations are material and the insurer may rescind the policy.[1] *Oade*, 632 N.W.2d at 130–31.

The rescission provision in Ewanda's reinstatement application tracks the language of § 500.2218. And the record clearly demonstrates that Ewanda misrepresented her driving history when reapplying for life insurance and that Brighthouse would not have reinstated her policy had it known her true driving history. Accordingly, Brighthouse was entitled to rescind the policy, whether by statute or under the insurance policy. *Id.* at 132; *see also Peatross v. Liberty Mut. Pers. Ins. Co.*, 2022 WL 17169008, at *7–8 (6th Cir. Nov. 22, 2022).

Ferguson does not dispute these conclusions. She argues, instead, that she is an innocent third party under Michigan law and, thus, the district court was required to balance the equities between her and Brighthouse before Brighthouse could rescind the policy. Ferguson is incorrect.

---

[1]We note that an insurer cannot rescind a life-insurance policy after the expiration of the two-year contestability period, *Wickersham v. John Hancock Mutual Life Insurance Co.*, 318 N.W.2d 456, 460 (Mich. 1982) (citing Mich. Comp. Laws § 500.4014), but Brighthouse undoubtedly contested the veracity of Ewanda's answers within two years of her reinstatement application. We also note that, if the policy were rescinded, the beneficiary would be entitled to a refund of the premiums. *See Burton v. Wolverine Mut. Ins. Co.*, 540 N.W.2d 480, 483 (Mich. Ct. App. 1995).

B.

Michigan courts previously applied the "innocent-third-party rule" when (1) an insured made material misrepresentations in her application for insurance, (2) a third party, who was innocent of the fraud, made a claim that would be paid by the insurer, and (3) the insurer sought to avoid liability to the third party by rescinding the policy based on the insured's material misrepresentations. *See Bazzi v. Sentinel Ins. Co.*, 919 N.W.2d 20, 25–26 (Mich. 2018) (collecting cases applying the old rule). Under such circumstances, "the right to rescind cease[d] to exist once there [was] a claim involving an innocent third party because public policy require[d] that an insurer be estopped from asserting rescission when a third party ha[d] been injured." *Id.* at 25 (citation modified). But *Titan Insurance Co. v. Hyten*, 817 N.W.2d 562 (Mich. 2012), abrogated the rule, and innocent third parties no longer have "an absolute right to hold an insurer liable for the fraud of the insured." *Bazzi*, 919 N.W.2d at 23, 28; *Meemic Ins. Co. v. Fortson*, 954 N.W.2d 115, 119 (Mich. 2020) (reiterating that "the innocent-third-party rule [is] no longer good law").

Still, when an insurer seeks rescission of the policy and an innocent third party has made a claim, Michigan courts must balance the equities "to determine which blameless party should assume the loss"—the innocent third party or the insurer—before allowing the insurer to avoid liability to the third party. *Bazzi*, 919 N.W.2d at 30; *see also Pioneer State Mut. Ins. Co. v. Frantz*, 2021 WL 940797, at *4 (Mich. Ct. App. Mar. 11, 2021) (per curiam) ("[*Bazzi* instructs] that when an insurance company seeks rescission of an insurance policy for which a third-party claim exists, the trial court is also required to determine whether rescission of the insurance policy is available for the third-party claim.").

Importantly, however, if the insured made material misrepresentations in procuring the policy, no equitable balancing is required before the insurer may rescind the policy as to any claim by the insured. *See Bazzi*, 919 N.W.2d at 31. Rather, the policy is void ab initio, meaning the policy was void from the beginning. *See id.*

C.

Because Ferguson's claim differed in nature from those typically raised by innocent third parties, the district court declined to balance the equities before entering judgment in favor of Brighthouse. We agree that equitable balancing was not required—but for a separate reason.

Ferguson is directly referred to as the beneficiary of Ewanda's life-insurance policy, and the promise of the policy—the death benefit—was made directly for Ferguson's benefit. Thus, the policy demonstrates a contractual undertaking by Ewanda and Brighthouse for the benefit of Ferguson. Accordingly, Ferguson is a third-party beneficiary of Ewanda's life-insurance policy. *See Shay v. Aldrich*, 790 N.W.2d 629, 638 (Mich. 2010); *see also Farm Bureau Ins. Co. v. TNT Equip., Inc.*, 939 N.W.2d 738, 743–44 (Mich. Ct. App. 2019) (applying Michigan law regarding third-party beneficiaries to an insurance policy).

The rights of third-party beneficiaries in Michigan are governed by statute: "Any person for whose benefit a promise is made by way of contract . . . has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." Mich. Comp. Laws § 600.1405. Based on the use of "directly," a third-party beneficiary stands apart from "just any person" who might indirectly benefit from a contract. *Shay*, 790 N.W.2d at 638 (citation modified). Instead, a third-party beneficiary "stands in the shoes of the original promisee" and "gains the same right[s] that the original promisee would have had." *Id.* at 640.

But § 600.1405 does not "afford third parties greater rights than they would have [had] if they had been the original promisee." *Id.* at 645. In fact, the statute expressly provides that "the rights of the third-party beneficiary are 'subject always to such express or implied conditions, limitations, or infirmities of the contract to which the rights of the promisee or the promise are subject.'" *Id.* at 640 (quoting Mich. Comp. Laws § 600.1405(2)(a)).

This proves fatal to Ferguson's claim that she is entitled to equitable balancing. Under Michigan law, Brighthouse was entitled to rescind the policy based on Ewanda's material misrepresentations, with no equitable balancing required. The fact that Ferguson did not make the material misrepresentations herself is irrelevant—she stands in the shoes of Ewanda, with no

greater rights than Ewanda would have had, i.e., no right to equitable balancing before Brighthouse could rescind the policy, as a matter of law.

As Brighthouse notes, Ferguson seeks to avoid this conclusion by simply painting herself as an "'innocent third party' to whom *Bazzi*'s balancing test applies." But an innocent third party benefits only *indirectly* under a separate insured's policy, whereas third-party beneficiaries of life-insurance policies—like Ferguson—stand in the shoes of the insured and collect *directly* under the policy (assuming, of course, that the insurer has not rescinded the policy based on material misrepresentations by the insured). The two types of third parties are distinct. *See Miracle Hands Homecare, Inc. v. Geico Gen. Ins. Co.*, 2025 WL 2681861, at *5 (Mich. Ct. App. Sept. 18, 2025) (distinguishing the two); *Doa Doa, Inc. v. PrimeOne Ins. Co.*, 2022 WL 1508959, at *5 n.2 (Mich. Ct. App. May 12, 2022) (same).

In sum, because Ferguson is the third-party beneficiary of Ewanda's life-insurance policy, the district court was not required to balance the equities before ordering rescission and granting summary judgment in favor of Brighthouse.

IV.

For the foregoing reasons, we affirm the district court's order of rescission, grant of summary judgment in favor of Brighthouse, and dismissal of the action.